39260. NORTHBROOK EXCESS & SURPLUS INSURANCE COMPANY et al. v. J. G. WILSON CORPORATION et al.

CLARKE, Justice.

This case involves a constitutional challenge to the 8-year architects' and contractors' immunity statute. OCGA § 9-3-50 et

---

[3] See fn. 1.

seq. (Code Ann. § 3-1006 et seq.). There is also before us a question of construction of the 4-year statute of limitations for damage to realty. OCGA § 9-3-30 (Code Ann. § 3-1001).

Plaintiffs (appellants) are insurers of the Dunfey Hotels Corporation which sustained a fire loss at its Royal Coach Hotel in Atlanta in 1979. The gravamen of plaintiffs' complaint is that the fire doors designed, manufactured and installed by defendants failed to operate at the time of the fire, causing far greater damage than would have occurred had the doors operated properly. The trial court granted summary judgment to defendants based upon the 8-year immunity statute and the 4-year statute of limitations for damage to realty.

The fire doors were installed on the Royal Coach Hotel prior to February 4, 1970. The fire occurred on March 14, 1979, and the present action was filed March 13, 1981. Defendants maintain that both the 8-year and the 4-year statutes commenced running in 1970 and effectively barred this action in January, 1978, over a year before the fire occurred.

1. This court in *Mullis v. Southern Co. Services,* 250 Ga. 90 (296 SE2d 579) (1982), recently considered various constitutional challenges to the 8-year architects' and contractors' immunity statute, OCGA § 9-3-50 et seq. (Code Ann. § 3-1006 et seq.), which insulates ". . . any person performing or furnishing the survey or plat, design, planning, supervision or observation of construction, or construction of . . . an improvement [to real property] more than eight years after substantial completion of such an improvement." OCGA § 9-3-51 (Code Ann. §§ 3-1006, 3-1007). We found the statute to be constitutional. We now decline appellants' invitation to reverse this decision which addresses and disposes of all the constitutional challenges presented by appellants.

2. The statute in question clearly applies to Tippens Steel Erection Co., the installer of the fire doors. OCGA § 9-3-51 (a) (Code Ann. § 3-1006). Inasmuch as the statute is constitutional and immunizes Tippens Steel, the grant of summary judgment to this defendant was proper.

3. The appeal of Northbrook Excess from the grant of summary judgment to the J. G. Wilson Corp. is more complicated. The complaint contains the allegation, admitted in the answer, that Wilson designed and manufactured the rolling steel fire doors placed in the hotel. Northbrook now insists that Wilson was not the designer but was, instead, a mere manufacturer of the doors. Northbrook cites cases from other jurisdictions to convince us that the immunity of OCGA § 9-3-50 et seq. (Code Ann. § 3-1006 et seq.), should not be extended to manufacturers. See, e.g., Reeves v. Ille Electric Co., 551

P2d 647 (Montana 1976). We need no convincing that the statute should not be construed to immunize manufacturers. However, the statute clearly immunizes designers of improvements to real property. In its complaint Northbrook has alleged Wilson to be a designer, and Wilson has admitted being a designer in its answer. Again, in its statement of material fact as to which there is no genuine issue made in connection with its motion for summary judgment, Wilson stated that it designed and manufactured the fire doors in question. In the fact portion of its brief in reply, Northbrook stated, "Defendant J. G. Wilson Corporation has admitted to designing and manufacturing the doors in question." The record further shows that the doors were designed by Wilson's engineering and design department to fit specifications and architectural drawings presented by the owner. Thus the doors were not only designed by Wilson but were custom designed and made for the space in the hotel. Wilson is not a mere manufacturer but is a designer within the contemplation of the statute.

The action being barred by OCGA § 9-3-50 et seq. (Code Ann. § 3-1006 et seq.), we need not consider the question of the applicability of OCGA § 9-3-30 (Code Ann. § 3-1001).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 1983 —
REHEARING DENIED MARCH 23, 1983.

*Hurt, Richardson, Garner, Todd & Cadenhead, Robert L. Todd, David M. Leonard, Martha McGhee Glisson,* for appellants.

*Freeman & Hawkins, Joe C. Freeman, Jr., John O. Moore, Julia B. Jagger, Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Jr., John H. Stanford, Jr.,* for appellees.