74010. BEALL v. INCLINATOR COMPANY OF AMERICA, INC.
(356 SE2d 899)

BANKE, Presiding Judge.

The appellee, Inclinator Company of America, Inc., is the manufacturer of a home elevator called the "Elevette." In 1959, an "Elevette" was installed in the appellant's home by General Elevator Company, and it was used thereafter without incident for almost 24 years. In a complaint filed in October of 1985, the appellant alleged that on October 11, 1983, she stepped out of the elevator while it was stopped 22 inches above floor level, fell to the floor, and was injured. She seeks to hold the appellee liable for these injuries based on the alleged negligent design of a safety latch on the elevator door, contending that the appellee had prior knowledge of the defect yet failed to notify her of it. She appeals the trial court's grant of the appellee's motion for summary judgment based on the application of OCGA § 9-3-51, which provides as follows: "(a) No action to recover damages: (1) For any deficiency in the survey or plat, planning, design, specifications, supervision or observation of construction, or construction of an improvement to real property; (2) for injury to property, real or personal, arising out of any such deficiency; or (3) for injury to the person or for wrongful death arising out of any such deficiency shall be brought against any person performing or furnishing the survey or plat, design, planning, supervision, or observation of construction, or construction of such an improvement more than eight years after sub-

stantial completion of such an improvement." *Held*:

The appellant contends that OCGA § 9-3-51 does not bar the suit because the appellee is a manufacturer rather than a designer. See *Northbrook Excess &c. Ins. Co. v. J. G. Wilson Corp.,* 250 Ga. 691 (3) (300 SE2d 507) (1983). However, the record shows without dispute that the elevator was specially designed and manufactured by the appellee to be installed in the appellant's home and that it was installed there as an integral part of the home pursuant to the appellee's specifications. Although the statute does not immunize manufacturers as such, the Supreme Court has held that "if a component is an essential or integral part of the improvement to which it belongs, then it is itself an improvement to real property." *Mullis v. Southern Co. Svcs.,* 250 Ga. 90 (4) (296 SE2d 579) (1982). It follows that the elevator constituted an improvement to real property within the contemplation of the statute. Accord *Northbrook Excess &c. Ins. Co. v. J. G. Wilson Corp.*, supra.

The eight-year limitation "applies regardless of when the injury occurs or, indeed, whether a cause of action has accrued at all prior to the expiration of the period." *Atlanta Gas Light Co. v. City of Atlanta,* 160 Ga. App. 396, 398 (287 SE2d 229) (1981). Because the appellant filed her suit more than eight years after the installation of the elevator, the trial court correctly concluded that the present action was absolutely barred.

*Judgment affirmed. Benham, J., concurs. Carley, J., concurs in judgment only.*

DECIDED APRIL 17, 1987.

*S. Phillip Brown,* for appellant.
*Glenn Frick, Sue K. A. Nichols,* for appellee.