## 35407. DALBEY v. BANKS.

BOWLES, Justice.
Certiorari was granted to review the Court of Appeals' opinion in *Banks v. Dalbey,* 150 Ga. App. 779 (258 SE2d 701) (1979), and to decide what statute of limitations is to apply in a medical malpractice case where a foreign object is left in the patient's body by a doctor during treatment to remove the foreign body.

Briefly repeating the facts stated by the Court of Appeals, Banks cut his hand on a ceramic vase on August 24, 1974. On that same day, Dalbey, a medical doctor, treated Banks and attempted to remove the glass from his wound. The cut healed and the treatment appeared successful. However, x-rays taken in June or July of 1976 revealed foreign objects in Banks' hand. When those objects were removed on April 19, 1977, they were found to be particles of ceramic glass. Banks filed a medical malpractice suit against Dalbey on April 29, 1977, alleging negligent treatment of the wound.

The trial court granted Dalbey's motion for summary judgment based on Code Ann. § 3-1102 which provides that an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred. The Court of Appeals reversed, finding the applicable section to be Code Ann. § 3-1103 which provides that, "[N]one of the limitations of section 3-1102 shall apply where a foreign object has been left in a patient's body, but an action shall then be brought within one year after such negligent or wrongful act or omission is discovered. For purposes of this section, 'foreign object' shall not include a chemical compound, fixation device or prosthetic aid or devise."

After careful consideration, we find that the trial court's grant of summary judgment to Dalbey was correct. Accordingly, we reverse the holding by the majority of the Court of Appeals that Code Ann. § 3-1103 applies in cases such as this one, and adopt the position taken by Judge Birdsong in his dissent that Code Ann. § 3-1103 refers to objects placed in the patient's body during some medical procedure in such a fashion that the physician may be charged with knowledge that the object is lodged there.

Where a physician places a foreign object in his patient's body during treatment, he has actual knowledge of its presence. His failure to remove it goes beyond ordinary negligence so as to be classified by the legislature as a continuing tort which tolls the statute of limitations until the object is discovered. The purpose of the legislature in making a distinction between the two types of medical malpractice was to allow the plaintiff's claim which does not rest on professional diagnostic

judgment or discretion to survive until actual discovery of the wrongdoing. In such situations the danger of belated, false or frivolous claims is eliminated. The foreign object in the patient's body is directly traceable to the doctor's malfeasance.

The present case of a doctor's failure to remove particles of ceramic glass from the patient's hand which were not placed there by him is much more akin to the ordinary mis-diagnosis and mis-treatment cases which are covered under Code Ann. § 3-1102. As Judge Birdsong pointed out in his dissent, "If the mere treatment of an injury which includes a hidden object in the body unknown to the doctor or patient and not placed in the body by the doctor, can give rise to the limited continuing medical tort liability defined by the legislatively and narrowly defined exception relating to substances or objects *used* in surgical procedures and negligently left in the body, then the distinction between the one-year and the two-year period of limitations becomes blurred, even indistinguishable, and renders the exception carved by the legislature meaningless."

*Judgment reversed, Nichols, C. J., Undercofler, P. J., Jordan, Hill and Marshall, JJ., and Judge Charles L. Weltner, concur. Clarke, J., not participating.*

ARGUED NOVEMBER 14, 1979 — DECIDED FEBRUARY 5, 1980.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Robert G. Tanner,* for appellant.
*E. Graydon Shuford,* for appellee.