## 43608. LYNCH v. WATERS.

(349 SE2d 456)

CLARKE, Presiding Justice.

We granted certiorari in this case to examine the holding of the Court of Appeals that the defendant in this medical malpractice case had failed to establish as a matter of law that he was entitled to judgment on the issue of the statute of limitations. *Lynch v. Waters*, 179 Ga. App. 222 (345 SE2d 867) (1986).

The malpractice action was filed on July 10, 1984, and the statute of limitations would bar the claims for negligence occurring prior to July 10, 1982, unless the statute is tolled by fraud on the part of the physician or some other cause. The defendant physician raised the defense in his answer and the plaintiff then amended her complaint to raise the issue of fraud alleging that during periodic visits to the defendant's office she was assured that everything possible was being done, no further tests were warranted, and that because of these false assurances by the physician she refrained from other medical inquiries and thereby was prevented from discovering the nature of her illness. She alleges the physician knew or should have known of the malignancy and that further testing or action was required, but failed to act or inform her. The plaintiff executed an affidavit which supported her allegations.

The trial court denied the physician's motion for summary judgment holding the defendant had failed to pierce all of the plaintiff's allegations and did not show that there are no material issues of fact. The Court of Appeals affirmed, noting that the movant had relied solely on his unverified pleadings and had failed to establish as a matter of law that the plaintiff would not be entitled to recover.

The physician-patient relationship is a confidential one and silence or failure to disclose what should be said or disclosed can amount to fraud which tolls the statute. *Sutlive v. Hackney*, 164 Ga. App. 740 (297 SE2d 515) (1982); *Brown v. Brown*, 209 Ga. 620 (75 SE2d 13) (1953). However, a fraud count must allege more than misdiagnosis to withstand a motion for judgment on the pleadings. *Johnson v. Gamwell*, 165 Ga. App. 425 (301 SE2d 492) (1983).

Petitioner relies on *Bray v. Dixon*, 176 Ga. App. 895 (338 SE2d 872) (1985), which upheld summary judgment for the physician because the plaintiff presented no evidence to dispute the fact that the physician's statements were true when made and therefore there was no evidence of fraud to toll the limitation statute. "Once the defendant established a prima facie case in his favor, the plaintiffs must present the essence of their case or else suffer [the consequences]." *Bray*, supra at 897.

In the posture in which this case arose, the allegations of the complaint as amended assert more than misdiagnosis. Unlike *Bray*, supra, the defendant has not established a prima facie case in his favor. See also *Edmonds v. Bates*, 178 Ga. App. 69 (342 SE2d 476) (1986), also relied upon by petitioner. "The evidence affirmatively shows that defendants did not fraudulently prevent Edmonds from discovering the alleged negligence . . ." *Edmonds* at p. 72. The only evidence presented on the issues involved in the motion was by the plaintiff. On looking at the evidence and pleadings on summary judgment, the movant must establish the absence of material facts and

the non-movant is entitled to all favorable inferences and the evidence and pleadings will be construed in favor of the non-moving party. *Burnette Ford v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971). While a moving party does not always need an affidavit or other evidence to establish a claim or defense as a matter of law, we agree with the Court of Appeals in this case that the trial court did not err in denying summary judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1986.

*Oliver, Maner & Gray, Thomas A. Withers,* for appellant.
*Ashman & Zipperer, Ralph R. Lorberbaum,* for appellee.