A94A1598. BECK et al. v. DENNIS.
(452 SE2d 205)

POPE, Chief Judge.

In this medical malpractice action, plaintiffs William and Linda Beck appeal from the trial court's grant of summary judgment to defendant based on the statute of repose. See OCGA § 9-3-71 (b). Concluding that a question of fact remains regarding defendant's fraudu-

lent concealment of his negligent act, we reverse.

Viewing the facts in a light favorable to plaintiffs, it appears that defendant (an ear, nose and throat specialist — "ENT") operated on Mr. Beck in 1983 after he was seriously injured in an automobile accident. Mr. Beck suffered numerous fractures of his facial bones, and defendant used nasal packing to control bleeding and stabilize the fractures. Although defendant generally notes how many pieces of packing he puts in during an operation, he did not do so in this case. Several days later, defendant removed all the packing from the right side of Mr. Beck's nose and most of the packing from the left. Defendant was unable to find all the packs on the left side, however. He knowingly left a pack there, figuring he would find it and take it out another time. He did not tell Mr. Beck about the remaining piece of packing; nor did he make any notation about it in Mr. Beck's records. Defendant then operated on Mr. Beck a second time. Again he failed to remove the packing or make a notation of it, even though he knew it was there.

After the second operation, Mr. Beck had trouble with his jaw slipping. He decided to change doctors, and because his primary problem was with his jaw, he went to Dr. Gruskin, an oral maxillofacial surgeon, rather than another ENT. Defendant called Mr. Beck, upset that he had changed doctors. Defendant did not tell Mr. Beck about the piece of packing defendant had left in his nose, however, even though he knew it was there and that it could cause problems if it remained. Defendant expected Dr. Gruskin to contact him, but when he did not, defendant made no effort to get in touch with him.

In 1990, Mr. Beck saw Dr. Davis, another ENT, for serious sinus problems he was having. When nothing else worked and a CT scan showed a mysterious opaque area in Mr. Beck's nose, Dr. Davis operated and discovered the packing that had been left there seven years earlier. Less than one year later, this suit was brought.

1. "The physician-patient relationship is a confidential one and silence or failure to disclose what should be said or disclosed can amount to fraud." *Lynch v. Waters*, 256 Ga. 389, 390 (349 SE2d 456) (1986). And the existence of such fraud is a question for a jury to decide. *Leagan v. Levine*, 158 Ga. App. 293 (279 SE2d 741) (1981). The statute of repose should not be applied to relieve a defendant of liability for injuries caused by negligence concealed by the defendant's fraud, lest it provide an incentive for a doctor to conceal his negligence with the assurance that in five years he will be insulated from liability. See *Hill v. Fordham*, 186 Ga. App. 354 (367 SE2d 128) (1988).

*Zechmann v. Thigpen*, 210 Ga. App. 726 (5) (437 SE2d 475) (1993) and *Hendrix v. Schrecengost*, 183 Ga. App. 201 (1) (358 SE2d

486) (1987) are distinguishable. *Zechmann* was a misdiagnosis case in which there was no evidence that the defendant doctor knew the correct diagnosis he allegedly "withheld." Similarly, *Hendrix* involved a doctor who allegedly withheld information that he had negligently failed to remove a patient's cervix when he performed her hysterectomy, but there was no evidence that the doctor knew the cervix or any part of it remained. In this case, on the other hand, defendant acknowledged he knew he had left a piece of packing in Mr. Beck's nose and that it could cause problems, yet he failed to inform Mr. Beck (or anyone else) so Mr. Beck could have it removed. As this evidence is sufficient to create an issue of fact regarding fraudulent concealment which would estop the doctor from relying on the statute of repose, the trial court erred in granting summary judgment.

2. Although we have concluded that the grant of summary judgment based on the statute of repose in this case must be reversed, we take this opportunity to state our views on that statute. While the Supreme Court has held the statute of repose is constitutional, see *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657 (437 SE2d 308) (1993), we believe a five-year period of repose is unrealistically short and produces unfair results in many cases. Too many patients are denied the right to recover from their negligent doctors simply because the effects of their doctors' negligence did not become apparent until more than five years after the negligent act. We therefore urge the legislature to reconsider the five-year period of repose set forth in OCGA § 9-3-71 (b).

*Judgment reversed. Birdsong, P. J., Beasley, P. J., Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., Andrews and Johnson, JJ., dissent.*

McMurray, Presiding Judge, dissenting.

I respectfully dissent from the judgment of reversal because it is my view that plaintiff Beck was not deterred from bringing a timely medical malpractice action as a result of any alleged fraudulent concealment by defendant Dennis of his own professional negligence. As a consequence, Beck's tort claim for his undoubtedly painful circumstances is extinguished by operation of OCGA § 9-3-71 (b), the statute of ultimate repose.

"To make out a claim of equitable estoppel [sufficient to toll the statute of repose], the plaintiff must show fraud by offering evidence of a known failure to reveal negligence. *Hendrix v. Schrecengost*, 183 Ga. App. 201, 202 (358 SE2d 486) (1987)." *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 660 (3) (437 SE2d 308). In my view, the majority confuses that which was intentional with that which might be deceitful. Defendant's intentional act of leaving one gauze pack in plaintiff's unhealed face, rather than poke around for it, was not itself

negligent but was a matter of professional judgment. Neither is this medical judgment evidence of an intent to deceive the patient or lull him into a false sense of security. It follows that defendant's silence on this matter during the existence of the patient-client relationship is not any evidence of a *fraudulent or deceitful* failure to reveal *known negligence* under the standard enunciated by the Supreme Court of Georgia in *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 660 (3), supra. I fully agree that, once plaintiff terminated the patient-physician relation by canceling the April 22, 1983, follow-up appointment with defendant and sought immediate treatment at Clayton General Hospital under the care of S. Gruskin, D.D.S, defendant then had a duty to alert someone to the existence of that last remaining gauze pack in plaintiff's still unhealed face. It is my view that defendant could have fulfilled this duty by informing plaintiff's new physician and was not necessarily obliged, under the applicable standard of care, to inform the patient himself or the patient's family. The unrefuted evidence is that defendant expected but never received a request for medical records from plaintiff's new physician "since he was still under care for facial fractures." Consequently, the failure of defendant to inform the patient *personally* is not evidence of a breach of the applicable standard of care and so cannot be evidence of a deceitful attempt to mask negligent treatment.

Assuming, arguendo, the existence of a duty for a physician to track down a former patient who has deliberately canceled a follow-up appointment and sought immediate treatment elsewhere, it is my view that, in the case sub judice, defendant's failure to take such an affirmative step, relying instead upon the anticipated request for medical records, is evidence only of passive negligence in the nature of a misdiagnosis. According to the Supreme Court of Georgia, "[h]owever, a fraud count must allege more than misdiagnosis to withstand a motion for judgment on the pleadings. [Cit.]" *Lynch v. Waters*, 256 Ga. 389, 390 (349 SE2d 456). "Nothing in this record shows that [defendant hid] any knowledge of [his own] negligent practice." *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 660 (3), supra.

Lastly, even if a jury would be authorized to find that defendant intentionally concealed what he feared would be embarrassing facts in his treatment of the patient, nevertheless, the record in the case sub judice affirmatively shows that plaintiff was not deterred from bringing a timely action *as a result* of any fraudulent concealment by defendant. According to the complaint, plaintiff gradually suffered "chronic sinus problems" after defendant's treatment, *despite* having sought the immediate assistance of Dr. Gruskin and the ultimate assistance of Dr. Davis. "Even if evidence of fraud exists, the statute of [ultimate repose] is not tolled when the plaintiff knew all facts neces-

sary to [discover the] malpractice before the running of the [statute of repose]. [Cit.] In this case, the repeated recurrence of symptoms of medical complications prior to the running of the statute of [repose] should have put plaintiff on notice of possible negligent medical treatment. . . ." *Hendrix v. Schrecengost*, 183 Ga. App. 201, 203 (2), supra. As it is my view that the trial court correctly granted summary judgment based upon OCGA § 9-3-71 (b), the statute of ultimate repose, I respectfully dissent from the judgment of reversal.

I am authorized to state that Judge Andrews and Judge Johnson join in this dissent.

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 19, 1994 —

*Reynolds & McArthur, Charles M. Cork III*, for appellants.
*Tisinger, Tisinger, Vance & Greer, Kevin Buice*, for appellee.