S97A0919. WATERS et al. v. ROSENBLOOM et al.
(490 SE2d 73)

HUNSTEIN, Justice.

From 1975 until his death in 1993, James Waters was treated by appellee, Dr. S. J. Rosenbloom, for both management of his diabetes and depression. Beginning in May 1975 and almost continually thereafter, appellee prescribed Valium to treat Waters' depression and, in February 1987, began prescribing a combination of Valium and Librium.[1] Waters died on July 4, 1993 of renal failure caused by his diabetes. On July 3, 1995 appellants, Marcella Waters, as surviving spouse of James Waters, and Kathleen Waters, as administrator of the estate of James Waters, filed this medical malpractice action against appellee seeking to recover funeral expenses and pain and suffering on behalf of the estate and for wrongful death. Appellants contend that the continuous prescribing of Valium and Librium "injured James Waters by promoting a self destructive cycle which included drug focus, the inability to have rational judgment, and the inability to participate in his own healthcare" and that the continuous high dose of Valium and Librium prescribed "significantly contributed to [Waters'] uncontrolled diabetes and as a result his renal failure." Appellee moved for summary judgment on the grounds that

---

[1] The record indicates that both "Valium" and "Librium" are benzodiazepines commonly known by these brand names. Although Waters' prescriptions included both the brand name drugs and their generic equivalents, for purposes of this opinion we refer to the drugs as simply "Valium" and "Librium."

the five-year statute of repose contained in OCGA § 9-3-71 (b)[2] barred both claims and OCGA § 9-3-71 (a),[3] the two-year statute of limitation applicable to medical malpractice actions, independently barred the estate's claim. The trial court granted appellee's motion. Appellants appeal from that order claiming OCGA § 9-3-71 (b) denies them equal protection of the law. Alternatively, appellants contend that the continuous prescription of Valium and Librium constitutes a single continuing tort thereby tolling the running of the statute of repose until the last wrongful act. We affirm.

1. Appellants' equal protection challenge to OCGA § 9-3-71 (b) was considered and decided adversely to them by a majority of this Court in *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657 (437 SE2d 308) (1993).

2. Appellants allege in their complaint that appellee negligently began prescribing Valium to James Waters in 1975 without an adequate evaluation prior to the prescription, failed to create a record to justify the continuation of Valium, and beginning in April 1987 began prescribing both Valium and Librium to James Waters, who, they claim, was addicted to such drugs. The injury claimed is that the prescribed drugs and James Waters' alleged addiction rendered him incapable over the 18-year time span of controlling his diabetes, the disease which ultimately caused his death.

In an effort to avoid the bar of the five-year statute of repose found in OCGA § 9-3-71 (b), appellants urge this Court to apply the continuing tort theory, see *Everhart v. Rich's, Inc.*, 229 Ga. 798 (194 SE2d 425) (1972), and find that the five-year period did not begin to run until December 11, 1992, the date the last prescription was written. Even assuming, arguendo, that the alleged negligent acts constituted a continuing tort and the continuing tort theory should be applied to toll the running of the statute of repose, we would still be compelled to find that summary judgment was properly granted in favor of appellee. Georgia courts have consistently held that in a continuing tort a cause of action accrues when a plaintiff discovers, or with reasonable diligence should have discovered, both the injury and the cause thereof. *McAuley v. Wills*, 251 Ga. 3 (1) (303 SE2d 258) (1983); see *Schmidt v. Parnes*, 194 Ga. App. 622 (1) (391 SE2d 459) (1990); *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981). This "discovery rule" would have equal application if this

---

[2] OCGA § 9-3-71 (b) provides: "[n]otwithstanding subsection (a) of this Code section, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred."

[3] OCGA § 9-3-71 (a) provides that "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred."

Court were to hold that a continuing tort tolled the running of the statute of repose and, under the facts of this case, would bar appellants' claims. It is undisputed that as early as 1975 appellant Marcella Waters knew the Valium was affecting her husband's mental state; she had the same suspicions when he started taking Librium in 1987; and she continued in her knowledge that the prescription drugs were affecting her husband's mental state until his death in 1993. She testified that over the years she asked her husband to see a different doctor because of her concerns about the prescription drugs and on numerous occasions asked him to stop taking them. She also testified that on at least one occasion, sometime in 1978, Mr. Waters checked himself into a Veteran's Administration Hospital to try to "get off" the Valium. Other family members similarly testified that in the 1980s they had concerns about Mr. Waters' mental state and his taking of Valium and Librium and they openly discussed these concerns with each other. Accordingly, there remains no question that Mr. Waters knew or through reasonable diligence should have discovered the injury and the cause of such injury before the five years preceding the filing of this action and appellants' claims are barred by the statute of repose.

3. Because we have determined that all claims are barred by the five-year statute of repose, OCGA § 9-3-71 (b), we need not address appellant Kathleen Waters' argument concerning the application of OCGA § 9-3-71 (a), the general statute of limitation, to the estate's claim.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997 —
RECONSIDERATION DENIED OCTOBER 10, 1997.

*Joseph H. King, Jr., Alvin L. Toliver,* for appellants.
*Love & Willingham, Geoffrey E. Pope, Robert P. Monyak,* for appellees.