**Karen P. WILLIAMS, Plaintiff,**

v.

**LEAR OPERATIONS CORPORATION d/b/a Lear Corporation, Defendant.**

**No. 1:99CV–180–CAM.**

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 2, 1999.

Dennis Clarence Francis, Jr., Office of Dennis C. Francis, Jr., Atlanta, GA, for Karen P. Williams, plaintiff.

James Henry Bratton, Jr., Lisa Lynn Ballentine, Amy Clayborne McLean, Judy A. Lam, Smith Gambrell & Russell, Atlan-

ta, GA, for Lear Operations Corportion dba Lear Corporation, defendant.

## ORDER

MOYE, District Judge.

The above-styled action is before the court on defendant's motion to dismiss [# 3].

## FACTS[1]

On or about July 1995, plaintiff was hired by defendant as a production worker. This position required plaintiff to work in the company of male co-employees. Plaintiff claims that "defendant, through its agents and/or employees, physically and emotionally harassed plaintiff and eventually forced plaintiff to resign her position with defendant." (Plaintiff's Responses to Mandatory Interrogatories). Plaintiff claims that, "[d]uring almost two years of continuous employment, plaintiff suffered several harassing and embarrassing incidents." (Id.).

More specifically, plaintiff alleges that, during defendant's Christmas party of 1995, defendant's supervisory employee, Harley Curtis, without consent, grabbed plaintiff by the forearm and refused to relinquish control of her. On or about April 30, 1996, defendant's employees Willie Pritchett and Frank Bennet made physical contact with plaintiff without her consent. Pritchett kicked plaintiff's foot and Bennett hit plaintiff on the buttocks. On or about March 1996, Matthew Brown chased plaintiff, without justification, into the break room. On or about June 1996, Paul Blowe, defendant's employee, chased plaintiff around defendant's physical plant and struck plaintiff. On or about August 23, 1996, defendant's employee, Keith Puckett, struck plaintiff on the shoulder and then, while in close proximity to plaintiff, stared at her in a menacing manner. On or about October 2, 1996, defendant's employee, Bill Allen, while carrying a gallon jug, ran towards plaintiff in a threaten-

ing manner. On or about October 24, 1996, defendant's employee, Jim Stone, walked hurriedly in plaintiff's direction and clapped his hands in close proximity to plaintiff's face in a threatening manner.

Plaintiff alleges that "[d]efendant failed to properly supervise its employees with respect to work place harassment, assault and battery, [and that a]s a result of [d]efendant's failure to properly supervise its employees, [p]laintiff was subject to unlawful harassment, assault and battery by fellow employees and supervisors." (Complaint, ¶¶ 27, 28). Plaintiff further alleges that she "repeatedly complained to her superiors about the harassment and physical contact she received [and,] as of February 28, 1997, plaintiff's supervisors had failed or refused to respond to her complaints." (Plaintiff's Responses to Mandatory Interrogatories). As a result, plaintiff was forced to resign from employment with defendant on February 28, 1997.

During the time the acts of which plaintiff complains allegedly occurred, the employment relationship between defendant and its employees, including plaintiff, was governed by a Collective Bargaining Agreement (the "CBA"). The purpose of the CBA was to "set forth the provisions relating to rates of pay, wages, hours of work, and conditions of employment of the employees of the Company in the Bargaining Unit to be observed by the parties." (Defendant's Exhibit A, Article 1). The grievance procedure section of the CBA provides in pertinent part:

> Unless otherwise expressly provided in this Agreement, any and all disputes, including interpretations of contract provisions arising under, out of, in connection with, or in relation to this Collective Bargaining Agreement, shall be subject to grievance procedure of the Agreement.

(Defendant's Exhibit A, Article 5, § 2). That section then sets forth the specific steps to be taken by an employee who has

---

1. The facts set forth herein are solely based on plaintiff's allegations for purposes of defendant's motion to dismiss.

a grievance, including appellate procedures and time limitations. The CBA also provides that "[t]he Company retains the sole right to discipline and discharge employees for cause, provided that in the exercise of these rights it will not act wrongfully or unjustly or in violation of the terms of [the CBA]." (Id., Article 3, § 2).

On May 8, 1998, plaintiff filed an action in the Superior Court of Fulton County, State of Georgia against defendant for alleged false imprisonment, battery, assault and negligent supervision. Defendant filed a motion to dismiss plaintiff's state court action on June 12, 1998. Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice of her state court claims on July 24, 1998. On January 21, 1999, plaintiff filed the present action against defendant, alleging false imprisonment, battery, assault, negligent supervision and negligent breach of duty of care.[2] This is a diversity case alleging state law claims only, not a Title VII discrimination action.

## LEGAL DISCUSSION

"In appraising the sufficiency of the complaint ... the accepted rule (is) that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Linder v. Portocarrero,* 963 F.2d 332 (11th Cir.1992). The court must accept the facts pleaded in the complaint as true and construe them in a light favorable to plaintiff. *Quality Foods v. Latin American Agribusiness Development Corp.,* 711 F.2d 989, 994–95 (11th Cir.1983).

Defendant moves to dismiss plaintiff's complaint because (1) some of plaintiff's claims are barred by the applicable statute of limitations; (2) plaintiff fails to state a

claim upon which relief may be granted; (3) plaintiff's claims against defendant for false imprisonment, assault and battery are barred by the Georgia Workers compensation Act or, in the alternative, those tort claims are based on alleged conduct which occurred outside of the accused employees' scope of employment and, thus, defendant is not liable for them; and (4) plaintiff's claims for negligent supervision and retention are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185.

Plaintiff brings claims of false imprisonment, battery, assault and negligent supervision and retention against defendant. Those claims are all subject to the two-year statute of limitations for injuries to the person under O.C.G.A. § 9–3–33. *See Alpharetta First United Methodist Church v. Stewart,* 221 Ga.App. 748, 751, 472 S.E.2d 532 (1996); *Staffing Resources, Inc. v. Nash,* 218 Ga.App. 525, 527, 462 S.E.2d 401 (1995). Plaintiff voluntarily dismissed her state court action against defendant on July 24, 1998. Because she filed suit against defendant in federal court within six months of her voluntary dismissal, the applicable statute of limitations is measured from May 8, 1998, the date on which she filed her initial state court action. *See* O.C.G.A. § 9–2–61(a). Thus, plaintiff's claims against defendant based on actions alleged to have occurred before May 8, 1996 should be dismissed as barred by the applicable statute of limitations.

With respect to the alleged tortious acts of Keith Puckett, Bill Allen and Jim Stone, plaintiff states in her complaint that "[b]etween October 2, 1996 and February 27, 1997, plaintiff was subject to similar threatening incidents by defendant's employees." (Complaint, ¶¶ 10, 11, 12). Plaintiff argues that, hence, these tortious acts constitute continuing tort violations.[3] Such broad conclusory allega-

---

2. There is no separate tort in Georgia for negligent breach of duty of care. The court will construe this claim as one of negligent retention.

3. The court notes that, under Georgia law, the statute of limitations for an action accrues on the date when plaintiff could have first brought a successful action against defendant. *See, Hoffman v. Insurance Company of America,* 241 Ga. 328, 245 S.E.2d 287 (1978);

tions are inadequate even under the liberal pleading rules of the Federal Rules of Civil Procedure, which only require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a). The pleadings must nevertheless provide notice of the "circumstances which give rise to the claim [and a] complaint which contains a bare bones allegations that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Walker v. South Cent. Bell Tel. Co.,* 904 F.2d 275, 277 (5th Cir.1990). *See also Dorman v. Simpson,* 893 F.Supp. 1073 (N.D.Ga.1995) (holding that purpose of Fed.R.Civ.P. 8(a)(2) is to provide defendant with fair notice of plaintiff's claims and the grounds upon which they rest); *Veltmann v. Walpole Pharmacy, Inc.,* 928 F.Supp. 1161 (M.D.Fla.1996) (holding that plaintiff may not merely "label his or her claims" to survive a motion to dismiss, but must give defendant fair notice of the plaintiff's claims and the grounds upon which they rest).

■ Plaintiff completely fails to allege any conduct which occurred between October 2, 1996 and February 27, 1997 which might constitute a "similar threatening incident." Plaintiff only provides a conclusory, "bare bones" allegation that similar conduct occurred without describing the circumstances surrounding the alleged conduct, without giving even a vague description of the conduct (e.g., when, where or how it happened) and without indicating how many times such conduct was visited upon her. This lack of even a general description of the circumstances allegedly giving rise to a continuing tort violation by plaintiff is insufficient to satisfy the purpose of notice pleading and fails as a matter of law.

■ Alternatively, plaintiff's claims, even if not barred by the applicable statute of limitations, are preempted by § 301 of the Labor Management Relations Act (the "LMRA"). As set forth above in detail, the employment relationship between defendant and its employees was governed by the CBA. (Defendant's Exhibit A). The grievance procedure section of the CBA mandates that all disputes "arising under, out of, in connection with, or in relations to" the CBA are subject to the grievance procedure contained in the CBA. (Id., Article 5, § 2). The CBA also provides that defendant has the "sole right to discipline and discharge employees for cause." (Id., Article 3, § 2).

Plaintiff failed to follow those administrative prerequisites and grievance procedures as required by the CBA before she filed the instant lawsuit. Nowhere in plaintiff's complaint or her amended complaint, does she allege that she filed a grievance or attempted to file a grievance under the terms of the CBA. Plaintiff's conclusory allegation that she complained

*Mears v. Gulfstream Aerospace Corp.,* 225 Ga. App. 636, 641, 484 S.E.2d 659 (1997) (holding that "if the act causing ... subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be."); *Waters v. Rosenbloom,* 268 Ga. 482, 483, 490 S.E.2d 73 (1997) (holding that even "in a continuous tort, a cause of action accrues when a plaintiff discovers, or with reasonable diligence should have discovered, both the injury and the cause thereof."). In this action, plaintiff's claims are based on several discrete incidents involving different individuals and plaintiff could have brought suit against defendant at the time each of the

allegedly harassing incidents occurred. *See Smith v. Tandy Corp.,* 738 F.Supp. 521, 522 (S.D.Ga.1990) (holding that plaintiff could have brought suit against defendant after each discrete act of harassment where plaintiff alleged that she was sexually harassed by one of her co-workers throughout her employment with defendant); *Risner v. R.L. Daniell & Associates, P.C.,* 231 Ga.App. 750, 500 S.E.2d 634 (1998) (holding that plaintiff's claims against her former employer for intentional infliction of emotional distress, tortious misconduct and negligent hiring and retention based on alleged sexual harassment by her supervisor were time-barred and rejecting plaintiff's argument that the limitations period did not begin to run until she resigned because defendant's actions constituted a continuing tort).

to her superiors and union representatives after each of the alleged incidents, even if true, does not satisfy the required steps of the CBA. Additionally, plaintiff fails to identify the "representatives" or "superiors" to whom she complained, the dates of her alleged complaint, the specific conduct complained of, and whether she complied with the administrative prerequisites and grievance procedures the CBA required before filing the instant lawsuit. The CBA provides a time table for utilizing grievance procedures, including commencing court proceedings, and all such time has long since expired. (Defendant's Exhibit A, Article 5, § 2).

■ Federal law governs disputes related to CBAs. Section 301 of the LMRA was a "congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985). As such, the Supreme Court, in *Allis–Chalmers Corp.,* held that, where a tort claim is "inextricably intertwined with the consideration of the terms of the labor contract," that tort claim is preempted by § 301 of the LMRA. *Id.* at 1912. The courts have held that § 301 suits "encompass those seeking to vindicate uniquely personal rights of employees such as wages, hours, overtime pay, and wrongful discharge." *Darden v. U.S. Steel, Corp.,* 830 F.2d 1116 (11th Cir.1987).

Plaintiff's claims against defendant in the case at hand are "inextricably intertwined with the consideration of the terms of the labor contract." *See Johnson v. AT & T Technologies,* 713 F.Supp. 885, 889 (M.D.N.C.1989) (holding that plaintiff's claims against her employer for state law claims of intentional infliction of emotional distress, assault and battery, and negligent hiring, retention and supervision on the theory that her employer ratified and acquiesced in a fellow employee's alleged harassment were preempted by § 301 of the LMRA because the "resolution of the claim clearly involve[d] reference to the [CBA] to determine what steps, if any, defendant was obligated to take to address plaintiff's complaint"). Plaintiff's claims are based on her assertion that her supervisors "knew or should have known of the [alleged] acts of harassment complained of and failed to act to remedy the harassment." (Complaint, ¶ 30). The CBA contains a section mandating that the grievance procedures detailed in the CBA be used to resolve "any and all disputes" between defendant and its employee. (Defendant's Exhibit A, Article 5, § 2). The CBA also provides that it is defendant's sole right to discipline and discharge employees for cause. (Id., Article 3, § 2; Article 2, § 2). Plaintiff's claims must be dismissed as preempted by § 301 because her claims against defendant cannot be adjudicated without determining whether "plaintiff's complaints were in accord with the corporation's rights and duties under the [CBA]", particularly those rights and duties under the section on discipline. *Johnson,* 713 F.Supp. at 889.

Therefore, plaintiff's complaint is hereby DISMISSED in its entirety.[4]

## CONCLUSION

In sum, the court hereby GRANTS defendant's motion to dismiss [# 3].

The Clerk of the court is hereby DIRECTED to CLOSE this case.

---

4. In view of this ruling, the court need not address the other alternative grounds for dismissal set forth by defendant.