A99A1862. ABEND et al. v. KLAUDT et al.
(531 SE2d 722)

ANDREWS, Presiding Judge.

This appeal arises from a medical malpractice action brought by Betty Klaudt against Dr. Melvin N. Abend.[1] Dr. Abend contends that the trial court erred by denying his motion for summary judgment in which he claimed that the action is barred by the one-year statute of limitation in OCGA § 9-3-72, applicable to foreign objects left in a patient's body, and by the five-year statute of repose in OCGA § 9-3-71 (b), applicable to medical malpractice actions.

We conclude that a jury issue remains as to whether Klaudt complied with the one-year limitation period of OCGA § 9-3-72 which requires that, where a foreign object is left in a patient's body, the action "shall be brought within one year after the negligent or wrongful act or omission is discovered." We further find as a matter of law that the five-year statute of repose in OCGA § 9-3-71 (b) does not bar a foreign object medical malpractice action timely filed within the one-year period set forth in OCGA § 9-3-72. Accordingly, we affirm the denial of Dr. Abend's motion for summary judgment.

In 1987, Dr. Abend surgically inserted a catheter device into a large vein in Klaudt's chest leading to her heart in order to allow administration of chemotherapy for treatment of nonHodgkin's lymphoma. On March 2, 1989, after chemotherapy was completed, Dr.

---

[1] The action includes a claim for loss of consortium by Klaudt's husband, Vernon Klaudt. In addition to Dr. Abend, the action names as a defendant Dr. Abend's professional corporation, Melvin N. Abend, M.D., P.C.

Abend performed surgery to remove the catheter. Over five years later, on April 17 or 18, 1996, Klaudt suddenly started to experience slurred speech, facial drooping, lack of physical coordination, and numbness. As a result, on April 23, 1996, Klaudt was admitted to a hospital and underwent an examination to determine the cause of these symptoms. The examination revealed that a five-inch portion of a catheter device was lodged in the left ventricle of Klaudt's heart. On April 24, 1996, Klaudt learned that the symptoms she first experienced on April 17 or 18 had been diagnosed at the hospital as embolic episodes to the brain caused by blood clots formed by the catheter penetrating her heart. Surgery was performed on the same day to remove the catheter. On April 21, 1997, less than one year after Klaudt was informed of the diagnosis, Klaudt sued Dr. Abend claiming that he negligently failed to remove all of the catheter device during the March 2, 1989 surgery and that the portion of the catheter he left in her body had moved through the vein into which it was inserted, lodged in her heart, and caused the injuries at issue.

1. It is undisputed that, since the medical malpractice action alleged that Dr. Abend negligently left a foreign object in Klaudt's body, the one-year limitation period of OCGA § 9-3-72 applies instead of the two-year limitation period of OCGA § 9-3-71 (a). OCGA § 9-3-72 provides in relevant part as follows: "The limitations of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within one year after the negligent or wrongful act or omission is discovered."

Dr. Abend contends that Klaudt's action filed on April 21, 1997, is barred by the one-year limitation period of OCGA § 9-3-72 because it was filed more than one year after April 17 or 18, 1996, the date Klaudt first became aware of the injury she alleged was caused by his negligence. In other words, Dr. Abend contends that, under OCGA § 9-3-72, Klaudt discovered his alleged negligent act or omission when she first became aware of the injury on April 17 or 18, even though she was not informed until April 24, 1996, at the hospital, that a catheter lodged in her heart caused the earlier symptoms.

By requiring in OCGA § 9-3-72 that a patient who claims a foreign object was negligently left in their body must file an action within one year after the negligent act or omission is discovered, the legislature adopted the continuing tort rule announced in *Parker v. Vaughan*, 124 Ga. App. 300, 302 (183 SE2d 605) (1971). *Childers v. Tauber*, 148 Ga. App. 157, 158 (250 SE2d 787) (1978); *Dalbey v. Banks*, 245 Ga. 162, 163 (264 SE2d 4) (1980). In *Parker*, we held that, where a surgeon negligently leaves a foreign object in a patient's body, this is a tort of a continuing nature which tolls the statute of limitation until the patient discovers or in the exercise of ordinary

care should have discovered the object. Id. at 300-303; *Everhart v. Rich's, Inc.*, 229 Ga. 798, 801-802 (194 SE2d 425) (1972); *Dalbey*, 245 Ga. at 163; *Williams v. Terry*, 197 Ga. App. 209 (398 SE2d 239) (1990). Even though Klaudt became aware on April 17 or 18, 1996, that she was suffering from some kind of injury, the one-year limitation period of OCGA § 9-3-72 did not start to run until she knew or by the exercise of ordinary care should have learned that a foreign object was in her body which was causing the injury. See *King v. Seitzingers*, 160 Ga. App. 318 (287 SE2d 252) (1981); *Waters v. Rosenbloom*, 268 Ga. 482, 483 (490 SE2d 73) (1997). Whether Klaudt exercised ordinary care in discovering the catheter in her body on April 24, 1996, or whether ordinary care would have required her to discover it at an earlier date is a mixed question of law and fact for determination by a jury. *Piedmont Pharmacy v. Patmore*, 144 Ga. App. 160, 161-163 (240 SE2d 888) (1977); *King*, 160 Ga. App. at 320. The trial court correctly denied Dr. Abend's motion for summary judgment claiming that the statute of limitation barred the action.

2. Dr. Abend also contends that the five-year statute of repose set forth in OCGA § 9-3-71 (b) bars Klaudt's medical malpractice action filed on April 21, 1997, because the action, which alleges that Dr. Abend negligently left a foreign object in Klaudt's body during surgery on March 2, 1989, was brought more than five years after the alleged negligent act or omission occurred. We disagree and conclude that the legislature did not intend for the statute of repose in OCGA § 9-3-71 (b) to bar foreign object medical malpractice actions timely brought within the one-year limitation period of OCGA § 9-3-72.

OCGA § 9-3-71 entitled "General limitation" provides for a two-year statute of limitation and a five-year statute of repose as follows:

(a) Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred.

(b) Notwithstanding subsection (a) of this Code section, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.

(c) Subsection (a) of this Code section is intended to create a two-year statute of limitations. Subsection (b) of this Code section is intended to create a five-year statute of ultimate repose and abrogation.

(d) Nothing contained in subsection (a) or (b) of this Code section shall be construed to repeal Code Section 9-3-73, which shall be deemed to apply either to the applicable statutes of limitation or repose.

OCGA § 9-3-72 entitled "Foreign objects left in body" provides as follows: "The limitations of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within one year after the negligent or wrongful act or omission is discovered."

Dr. Abend contends that the language of OCGA § 9-3-72 stating that "[t]he limitations of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body . . ." does not refer to the statute of repose in OCGA § 9-3-71 (b) but means only that the two-year statute of limitation in OCGA § 9-3-71 (a) does not apply. Accordingly, Dr. Abend asserts that a foreign object medical malpractice action brought more than five years after the alleged negligent act or omission occurred is barred by the five-year statute of repose in OCGA § 9-3-71 (b) even if it is brought under OCGA § 9-3-72 within one year after the negligent or wrongful act or omission is discovered. We conclude, however, that the language of OCGA § 9-3-72 stating that "the limitations" of OCGA § 9-3-71 shall not apply refers to two periods of time in OCGA § 9-3-71 which generally limit when an action can be brought — the two-year statute of limitation and the five-year statute of repose. Accordingly, we find the legislature intended that neither the two-year statute of limitation nor the five-year statute of repose bars a foreign object medical malpractice action timely brought under OCGA § 9-3-72 within one year after the negligent or wrongful act or omission is discovered. In reaching this conclusion, we resolve any ambiguity in the language of the statute in favor of the statutory construction which determines that foreign object medical malpractice cases are governed solely by the limitation requirements of OCGA § 9-3-72.

First, the statutory construction concluding that the statute of repose in OCGA § 9-3-71 does not apply to actions brought under OCGA § 9-3-72 is consistent with the legislative intent expressed in OCGA § 9-3-73, where the legislature set forth a statute of limitation and a five-year statute of repose applicable to medical malpractice actions brought on behalf of legally incompetent persons and minors. After setting forth the statute of limitation in subsection (b) and the statute of repose in subsection (c), OCGA § 9-3-73 (d) and (e) further provide as follows:

(d) Subsection (b) of this Code section is intended to create a statute of limitations and subsection (c) of this Code section is intended to create a statute of repose.

(e) The limitations of subsections (b) and (c) of this Code section shall not apply where a foreign object has been left in a patient's body. Such cases shall be governed by Code Section 9-3-72.

OCGA § 9-3-73 plainly states that the five-year statute of repose created in that Code section does not apply to foreign object medical malpractice actions timely brought under OCGA § 9-3-72. Construing OCGA § 9-3-73 in pari materia with the provisions of OCGA §§ 9-3-71 and 9-3-72, we conclude that the legislature also intended that the statute of repose in OCGA § 9-3-71 not bar actions timely brought under OCGA § 9-3-72. *Ryan v. Commrs. of Chatham County*, 203 Ga. 730, 731-732 (48 SE2d 86) (1948).

Second, when the legislature created the five-year statute of repose in OCGA § 9-3-71 (b) by the 1985 amendment to the statute, it was presumed to do so with full knowledge of the existing law and with reference to it and was presumably aware that the existing requirements of OCGA § 9-3-72 were a codification of the continuing tort rule announced in *Parker*, 124 Ga. App. 300. *Buice v. Dixon*, 223 Ga. 645, 647 (157 SE2d 481) (1967). Where a Code section has been codified from an appellate decision, it will be construed in the light of the source from which it comes, unless the language of the Code section demands a different construction. *Sinclair v. Friedlander*, 197 Ga. 797, 798-799 (30 SE2d 398) (1944). We find no basis for concluding that the language of OCGA § 9-3-72 demands that it be construed differently from the appellate decisions which have applied the continuing tort rule first announced in *Parker*.

In *Parker* we held that, where a surgeon negligently leaves a foreign object in a patient's body, this is a continuing tort which tolls the statute of limitation until the patient discovers or in the exercise of ordinary care should have discovered the object. *Childers*, 148 Ga. App. at 158; *Dalbey*, 245 Ga. at 163; *Everhart*, 229 Ga. at 801-802. "Georgia courts have consistently held that in a continuing tort a cause of action accrues when a plaintiff discovers, or with reasonable diligence should have discovered, both the injury and the cause thereof." *Waters*, 268 Ga. at 483. The legislative interests in classifying foreign object medical malpractice cases under OCGA § 9-3-72 as continuing torts were set forth in the 1980 decision in *Dalbey v. Banks*:

> Where a physician places a foreign object in his patient's body during treatment, he has actual knowledge of its presence. His failure to remove it goes beyond ordinary negligence so as to be classified by the legislature as a continuing tort which tolls the statute of limitations until the object is discovered. The purpose of the legislature in making [this type of medical malpractice a continuing tort] was to allow the plaintiff's claim which does not rest on professional diagnostic judgment or discretion to survive until actual discovery of the wrongdoing. In such situations the danger of

belated, false or frivolous claims is eliminated. The foreign object in the patient's body is directly traceable to the doctor's malfeasance.

*Dalbey*, 245 Ga. at 163-164.

By contrast, in *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 659 (437 SE2d 308) (1993), the court identified the legislative interests behind the two-year statute of limitation and the five-year statute of repose in OCGA § 9-3-71. According to *Craven*, the purpose of the statute of limitation was the elimination of stale claims. Id. at 659-660. As to the five-year statute of repose included in the 1985 amended version of OCGA § 9-3-71, *Craven* concluded that it was directed toward the following interests:

Because of the nature of the practice of medicine, uncertainty over the causes of illness and injury make[s] it difficult for insurers to adequately assess premiums based on known risks. Furthermore, the passage of time makes it more difficult to determine the cause of injury, particularly in diseases where medical science cannot pinpoint the exact cause. Therefore, we conclude that the purpose of the statute of repose is rational.

*Craven*, 263 Ga. at 658.

It follows from this analysis that, when the legislature enacted the five-year statute of repose in OCGA § 9-3-71 (b), it sought to curtail the so-called "long tail" of exposure to medical malpractice claims brought many years after the alleged negligent act or omission, particularly in cases where the passage of time makes it more difficult to establish causation. See *Hill v. Fordham*, 186 Ga. App. 354, 357-358 (367 SE2d 128) (1988); *Craven*, 263 Ga. at 660. It also follows that, when the legislature codified the continuing tort rule in OCGA § 9-3-72 with respect to foreign objects left in a patient's body, its purpose was to allow this type of claim to survive until discovery, despite the passage of time, because the directly traceable nature of the negligence causing the injury eliminated the dangers normally associated with belated claims. Accordingly, we find that the legislature did not intend for the statute of repose in OCGA § 9-3-71 (b) to govern actions brought pursuant to OCGA § 9-3-72 alleging that a foreign object was left in a patient's body.[2] The trial court correctly denied Dr.

---

[2] In *Beck v. Dennis*, 215 Ga. App. 728 (452 SE2d 205) (1994), the trial court granted summary judgment to the defendant physician on the basis that the statute of repose in OCGA § 9-3-71 (b) barred a medical malpractice action. Although the decision did not mention OCGA § 9-3-72, the plaintiff's action could be construed on the stated facts as brought pursuant to OCGA § 9-3-72 on the basis that the physician negligently left a foreign object

Abend's motion for summary judgment claiming the action was barred by the statute of repose.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Pope, P. J., Blackburn, P. J., Smith, Ruffin, Eldridge, Barnes, Ellington and Phipps, JJ., concur. Miller, J., disqualified.*

DECIDED MARCH 16, 2000 —
RECONSIDERATION DENIED MARCH 30, 2000 — 

*Alston & Bird, Lori G. Baer, Candice Stone,* for appellants.
*Cathey & Strain, Dennis T. Cathey, David A. Sleppy,* for appellees.

---

in his body. The decision did not address the application of OCGA § 9-3-72 or the relationship between OCGA § 9-3-72 and the statute of repose in OCGA § 9-3-71 (b). We reversed the trial court because we found a factual issue existed as to whether fraud estopped the physician from relying on the statute of repose. Nevertheless, to the extent the decision could be understood to state that the statute of repose in OCGA § 9-3-71 (b) could bar an action brought within the one-year limitation period of OCGA § 9-3-72, *Beck* is disapproved.