A07A1640. MONFORT v. COLQUITT COUNTY HOSPITAL AUTHORITY et al.
(653 SE2d 535)

PHIPPS, Judge.

This is a professional negligence action against a medical center and various of its personnel for leaving a surgical sponge in a patient's abdomen after performing a hysterectomy. The question is whether the action is time barred. Answering this question in the affirmative, the trial court granted the defendants' motion for summary judgment. Finding a material issue of fact on the question, we reverse.

"When reviewing the grant or denial of summary judgment, we conduct a de novo review of the law and the evidence, construing the evidence and all reasonable deductions therefrom in favor of the nonmovant."[1]

Here, the evidence shows that Annette Monfort underwent an abdominal hysterectomy at the Colquitt Regional Medical Center (CRMC) on October 8, 2001. At the time, she was 40 years old and had a variety of cardiac and other health problems that required her to receive continuing medical care following her discharge from CRMC on October 17, 2001.

On July 1, 2005, she went to her family practice physician with complaints of abdominal pain. After ordering a CAT scan that seemed to reveal a large, cystic-appearing abdominal mass lesion with "atypical linear density," her physician told her that she had a cystic mass that was probably cancerous. In disbelief, Monfort consulted another physician in September 2005 who interpreted the CAT scan as revealing an "abdominal mass with unclear etiology." Yet another physician, who examined Monfort in October 2005 and performed an ultrasound, determined that Monfort had ascites and a "probable left ovarian simple cyst."

On December 5, 2005, Monfort was seen at the Atlanta Medical Center with complaints of lack of appetite and increasing abdominal girth as well as abdominal pain. Doctors at the medical center interpreted the earlier CAT scan as revealing a large intra-abdominal abscess containing what appeared to be a foreign body consistent with a laparotomy sponge. After consulting with Monfort, they performed an exploratory laparoscopy. The informed consent form signed by Monfort on December 7, 2005, identified the purpose of the procedure as removal of a retained foreign body parenthetically described as an "OR sponge." The laparoscopy was performed on December 9, 2005; it confirmed that a surgical sponge had been left in Monfort's abdomen; and the sponge was removed.

On Monday, December 11, 2006, Monfort filed this action against the Colquitt County Hospital Authority (CRMC's management company) and various CRMC medical personnel who had assisted in her hysterectomy.

The general medical malpractice statute of limitation is set forth in OCGA § 9-3-71. It requires an action for medical malpractice to be brought "within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred."[2]

---

[1] *City of Winder v. McDougald*, 254 Ga. App. 537, 539 (2) (562 SE2d 826) (2002) (citation omitted).

[2] OCGA § 9-3-71 (a).

OCGA § 9-3-72 provides, however, that "[t]he limitations of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within one year after the negligent or wrongful act or omission is discovered." "By requiring in OCGA § 9-3-72 that a patient who claims a foreign object was negligently left in [his or her] body must file an action within one year after the negligent act or omission is discovered, the legislature adopted the continuing tort rule. . . ."[3] The question thus presented is whether this action is barred by OCGA § 9-3-72.

The defendant in *Abend v. Klaudt*[4] was a doctor who had surgically inserted a catheter device into the plaintiff/patient's coronary vein to administer chemotherapy. After completion of chemotherapy, surgery to remove the catheter was performed by the doctor. Over seven years later, the patient started experiencing slurred speech and other symptoms. A medical examination revealed that a portion of the catheter was lodged in one of her coronary ventricles. The following day, she learned that the catheter's penetration of her heart had been diagnosed as the cause of her symptoms. Surgery to remove the catheter was performed the same day. Less than one year after the patient was informed of the diagnosis, but more than one year after she began experiencing the symptoms, the patient sued the doctor for negligence in failing to remove all of the catheter.

The doctor contended that the action was barred by the one-year limitation period of OCGA § 9-3-72 because it was filed more than one year after she first became aware of the injury. *Abend* held that "the one-year limitation period of OCGA § 9-3-72 did not start to run until [the patient] knew or by the exercise of ordinary care should have learned that a foreign object was in her body which was causing the injury."[5] *Abend* concluded that whether the patient exercised ordinary care in discovering the catheter in her body on the date she learned of the diagnosis of her symptoms or whether ordinary care

---

[3] *Abend v. Klaudt*, 243 Ga. App. 271, 272 (1) (531 SE2d 722) (2000) (citations omitted).

[4] Id.

[5] 243 Ga. App. at 273, citing *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981). *King*, adopting what is referred to as the "discovery rule," held that where the injury is known but the cause of injury is not known, a continuing tort cause of action will not accrue "until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." Id. at 320 (citation and punctuation omitted).

In *Luem v. Johnson*, 258 Ga. App. 530, 532 (1) (574 SE2d 835) (2002) (physical precedent only), we held that, under *Jones v. Lamon*, 206 Ga. App. 842 (426 SE2d 657) (1992), the "discovery rule" does not apply to the general medical malpractice statute of limitation in OCGA § 9-3-71. In *Jones*, a majority of this court held that under the plain language in OCGA § 9-3-71 (a), that limitation period commences to run no later than the date on which the injury itself occurred. 206 Ga. App. at 846 (1).

would have required her to discover it at an earlier date was a mixed question of law and fact for determination by a jury.[6]

After experiencing symptoms relating to the foreign object that had been left in her body, Monfort consulted with a succession of physicians who provided her with a variety of diagnoses. Construing the evidence and all reasonable deductions in favor of Monfort as the nonmovant for summary judgment, a jury would be authorized to find that, when Monfort signed the December 7, 2005 informed consent authorizing the December 9 exploratory laparoscopy, the Atlanta Medical Center could have at most informed her that a foreign object consisting of an "OR sponge" or operating room sponge had been tentatively identified in her abdomen and that the existence of such foreign object was not confirmed until performance of the laparoscopic procedure two days later. Therefore, it is for a jury to determine whether Monfort by exercising ordinary care should have learned on December 7, 2005, or on December 9, 2005, that the foreign object had been left in her body during the performance of the hysterectomy in 2001.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 1, 2007 —

*James Brantley*, for appellant.
*Whelchel, Carlton & Waller, James C. Whelchel*, for appellees.

