A99A1730. ESENER v. KINSEY et al.
(522 SE2d 522)

ELDRIDGE, Judge.

On June 12, 1998, Nancy D. Kinsey, individually and as next friend of her minor daughter, Samantha Kinsey, sued Dr. Ismail Esener, the obstetrician-gynecologist who delivered Samantha, for birth injuries. This was more than ten years after the alleged injury to the minor child.

At birth, on December 16, 1987, Samantha suffered anoxic brain damage through the alleged negligent acts and omissions of Dr. Esener. It was alleged that Dr. Esener was aware of the cause of such brain damage but concealed such negligence from Kinsey and caused her to believe that there was another cause for the brain damage.

In plaintiff's complaint, she alleged that she discovered Dr. Esener's fraud on approximately September 29, 1997, which was 78 days before the statute of repose abrogated the action.

On September 12, 1998, Dr. Esener answered the complaint and raised the defense of the statute of limitation and statute of repose. On December 7, 1998, Dr. Esener moved for judgment on the pleadings based upon the statute of repose. OCGA § 9-3-73. In response, Kinsey filed her affidavit, an additional affidavit of her medical expert, and progress notes from the delivery. On February 24, 1999, the trial court denied Dr. Esener's motion for judgment on the pleadings and stated that the ruling was made without a consideration of the affidavits.

Dr. Esener contends that the trial court erred in denying his motion for judgment on the pleadings based upon the statute of repose, notwithstanding allegations of fraud, because the fraud, in this medical malpractice action, was discovered prior to the expiration of the statute of repose. We do not agree.

Since this was a motion for judgment on the pleadings, then we must treat all well-pled facts as true. OCGA § 9-11-12 (c); *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49) (1978); *Seaboard Coast Line R. Co. v. Dockery*, 135 Ga. App. 540, 543-544 (218 SE2d 263) (1975);

*Hancock v. Nashville Investment Co.*, 128 Ga. App. 58, 60 (3) (195 SE2d 674) (1973). Therefore, we must assume that the defendant's statements to the plaintiff were made with the intent to conceal the cause of the brain damage to the minor child from the mother and that she was deterred from filing this action as a result. Considering the pleadings alone, they set forth the date of birth when the anoxia is alleged to have caused brain damage immediately prior to birth of the minor plaintiff; when the ten years of the statute of repose abrogated any cause of action; when the alleged fraud was discovered; when the action was filed; and allegations of intentional fraudulent concealment of the brain injury. OCGA §§ 9-3-71 (b), (c); 9-3-73 (b), (c) (2) (A), (d).

The General Assembly, as a matter of public policy, has provided that a defendant's fraud which has debarred or deterred a plaintiff from bringing an action tolls the running of the statute of limitation until the fraud is discovered or reasonably should have been discovered. See OCGA § 9-3-96; *Trust Co. Bank v. Union Circulation Co.*, 241 Ga. 343, 344-345 (245 SE2d 297) (1978). Where a relationship of trust and confidence such as a physician-patient relationship exists, there is a duty to disclose the cause of any injury and failure to do so acts as fraud, tolling the statute of limitation. See id. at 344; *Quattlebaum v. Cowart*, 182 Ga. App. 473, 474-476 (356 SE2d 91) (1987); *Breedlove v. Aiken*, 85 Ga. App. 719 (70 SE2d 85) (1952). Here, the motion dealt only with the statute of repose as a bar to suit, even if fraud existed.

> Fraud by which the plaintiff is debarred or deterred from bringing an action tolls any applicable period of limitation. OCGA § 9-3-96. There is a distinction between a statute of limitation and a statute of ultimate repose. A statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that period, it is not actionable. . . . Therefore, an injury or death is not actionable if it occurs more than [ten] years from the date of [delivery]. . . . A statute of ultimate repose sets an ultimate limit on which injuries shall be actionable. Therefore, by definition, a statute of ultimate repose cannot be "tolled" to permit actions to be brought for injuries which did not occur until after the statutory period had expired. However, the statute of ultimate repose should not be applied to relieve a defendant of liability for injuries which occurred during the period of liability, but which were concealed from the patient by the defendant's own fraud. The statute of ulti-

mate repose should not provide an incentive for a doctor or other medical professional to conceal his or her negligence with the assurance that after [ten] years such fraudulent conduct will insulate him or her from liability. The sun never sets on fraud.

(Citations omitted.) *Hill v. Fordham*, 186 Ga. App. 354, 357-358 (367 SE2d 128) (1988). Thus, the statute of repose abrogates the action, and fraud under OCGA § 9-3-96 does not toll the statute of repose.

However, if the evidence of defendant's fraud or other conduct on which the plaintiff reasonably relied in forbearing the bringing of a lawsuit is found by the jury to exist, then the defendant, under the doctrine of equitable estoppel, is estopped from raising the defense of the statute of ultimate repose. *Hill v. Fordham*, supra at 358; accord *Beck v. Dennis*, 215 Ga. App. 728, 729-730 (1) (452 SE2d 205) (1994); *Bynum v. Gregory*, 215 Ga. App. 431, 434 (2) (450 SE2d 840) (1994); *Lasoya v. Sunay*, 193 Ga. App. 814, 815-816 (1) (389 SE2d 339) (1989). The statute of repose is not tolled by fraud, but fraud, instead, gives rise to the doctrine of equitable estoppel, which prevents the defendant from asserting the defense of the statute of repose, because his or her own wrongful conduct gave rise to the defense and prevented the plaintiff from exercising reasonable diligence to learn the nature and cause of the injury attributable to the defendant and from bringing suit.

Since fraud does not toll the statute of repose but may give rise to equitable estoppel of the defendant to raise the defense of the statute of repose, the plaintiff must have acted diligently for equitable estoppel to be available, after the fraud was first discovered or should have been discovered. This is generally a jury issue. See *Hill v. Fordham*, supra at 357-358; *Lasoya v. Sunay*, supra at 816-817. In dicta in *Zechmann v. Thigpen*, 210 Ga. App. 726, 728-729 (3) (437 SE2d 475) (1993), where summary judgment was affirmed on other grounds in a misdiagnosis case thereby distinguishing it from this case, this Court stated that, when discovery of the alleged fraud occurs prior to the running of the statute of repose with time allowing the filing of suit within the period of repose, the statute of repose may be raised; but the opinion also stated that there was no evidence of fraud to support equitable estoppel on the motion for summary judgment. See id.; see also *Lasoya v. Sunay*, supra at 817.

Assuming that the allegations of fraud are true for purposes of this motion for judgment on the pleadings and that such fraud deterred the earlier filing of this suit as alleged in the complaint, the trial court properly denied the motion, because issues for jury determination exist as to plaintiff's exercise of diligence in order for the doctrine of equitable estoppel to prevent the defendant from assert-

ing the defense of the statute of repose. See *Beck v. Dennis*, supra; *Hill v. Fordham*, supra.

> Whether by discovery, which delays the accrual of the action, or by infancy, incompetency, or fraud, which may toll the statute of limitation for up to five years, however, nothing stops the abrogation of the action by the statute of repose; five years after the negligent or wrongful act or omission occurred, despite any non-discovery or any tolling, the medical malpractice action or potential action ceases to exist by abrogation of law under the statute of repose. OCGA §§ 9-3-71 (b); 9-3-73 (c)[.] [Cits.]

*Charter Peachford Behavioral Health System v. Kohout*, 233 Ga. App. 452, 456-457 (504 SE2d 514) (1998) (physical precedent only). In the foregoing quotation, relied upon by Dr. Esener, *Charter Peachford* referred only to the effect of OCGA § 9-3-96 tolling the statute of repose and did not involve the doctrine of equitable estoppel that prevents the defendant from relying upon the statute of repose, when his fraud concealed the cause of the injury. While statutes of repose cannot be tolled, actual fraud concealing the negligence can estop the defendant from asserting the defense of the statute of repose through the doctrine of equitable estoppel. *Hill v. Fordham*, supra at 357-358.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 13, 1999 —

Minor, Bell & Neal, William F. Jourdain, Hall, Booth, Smith & Slover, James E. Looper, Jr., for appellant.

Bird, Ballard & Still, William Q. Bird, John G. Mabrey, Coppedge, Leman & Ward, Warren N. Coppedge, Jr., David L. McGuffey, for appellees.