A04A1169. CHRISTIAN et al. v. ATHA et al.
(598 SE2d 895)

ANDREWS, Presiding Judge.

At issue is whether the trial court properly granted summary judgment in favor of some of the defendants sued by Jeanne P. Christian in her medical malpractice action on the basis that, as to those defendants, the statute of repose in OCGA § 9-3-71 (b) had expired.[1] For the following reasons, we affirm the grant of summary judgment in favor of the following defendants: John F. Atha, M.D.,

---

[1] The complaint also included a claim for loss of consortium by Ms. Christian's husband, James Christian. Because that claim is derivative of the malpractice claim, it fails to the extent the malpractice claim fails. *Supchak v. Pruitt*, 232 Ga. App. 680, 684 (503 SE2d 581) (1998).

and Floyd Healthcare Management, Inc. d/b/a Floyd Medical Center d/b/a Centrex Primary Care Network d/b/a Rockmart Medical Clinic.[2]

Christian's medical malpractice claim against the above defendants was based on alleged acts or omissions which could have occurred no later than February 26, 1998, the last date on which Christian was seen or treated by any of those defendants. The statute of repose in medical malpractice claims is set forth in OCGA § 9-3-71 (b), which provides:

> Notwithstanding [the two year statute of limitation], in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.

Even though Christian filed her suit on April 18, 2003 — more than five years after the date on which the last negligent or wrongful act or omission attributable to the above defendants could have occurred on February 26, 1998 — she argues that the statute of repose had not expired because there was evidence that the injury she suffered arising from the alleged negligent or wrongful acts or omissions occurred less than five years prior to the suit and within the two year statute of limitation. We need not address Christian's claims regarding the statute of limitation. The statute of limitation governs the time within which an action must be commenced after the cause of action accrues, but the statute of repose imposes an absolute limit on the time within which an action may be brought. *Wright v. Robinson,* 262 Ga. 844, 845 (426 SE2d 870) (1993). Because the statute of repose is unrelated to the accrual of the cause of action, it runs from "the date on which the negligent or wrongful act or omission occurred" without regard to when the injury arising from the negligent or wrongful act or omission occurred or was discovered. Id.; *Zechmann v. Thigpen,* 210 Ga. App. 726, 730 (437 SE2d 475) (1993).

> A statute of repose stands as an unyielding barrier to a plaintiff's right of action . . . [which] destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.

(Citations and punctuation omitted.) *Wright,* supra at 845.

Christian's suit was filed more than five years after the date on which the last negligent or wrongful act or omission attributable to the above defendants could have occurred. Accordingly, the statute of

---

[2] The Christians' suit continues against the remaining defendants.

repose had expired as to those defendants, and the trial court properly granted summary judgment.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 23, 2004 —

Savage, Turner, Pinson & Karsman, Ashleigh R. Madison, for appellants.

Minor, Bell & Neal, William F. Jourdain, Jonathan Bledsoe, Brinson, Askew, Berry, Seigler, Richards & Davis, Stephen B. Moseley, Browning & Tanksley, Henry D. Green, Jr., for appellees.