PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2005
THOMAS K. KAHN
CLERK

No. 04-14180
Non-Argument Calendar

D. C. Docket No. 02-01535-CV-JEC-1

SHARON SIMMONS,
administrator of the estate of
Trina Elliott, deceased,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
HAIBA SONYIKA, M.D.,
MYRTLE KAI, R.N.,
CFNP,
SOUTHSIDE HEALTHCARE, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

**(August 24, 2005)**

Before BIRCH, BARKETT and FAY Circuit Judges.

PER CURIAM:

In this medical malpractice case we were faced with interpreting several Georgia statutes and specifically whether or not O.C.G.A. § 9-3-71(b) (Georgia's five year statute of repose for medical malpractice actions) is extended by O.C.G.A. § 9-3-92 (Georgia's unrepresented state statute). The district court held that the statute of repose was not extended and dismissed the action. Being uncertain of the correct relationship between the two statutes we certified the question to the Supreme Court of Georgia. Simmons v. Sonyika, 394 F.3d 1335 (11th Cir. 2004).

The Supreme Court of Georgia has answered our question in the negative and its opinion is attached as an appendix. Since the unrepresented estate statute does not toll or extend the statute of ultimate repose in medical malpractice actions, the dismissal by the district court is **affirmed.**

### APPENDIX

In the Supreme Court of Georgia

Decided:     May 23, 2005

S05Q0729. SIMMONS v. SONYIKA et al.

CARLEY, Justice.

-2-

After the death of Trina Elliott, her estate remained unrepresented for 344 days, until Sharon Simmons was appointed administrator. In that representative capacity, Ms. Simmons later brought suit in the Superior Court of Fulton County against Southside Healthcare, Inc., two of its physicians, and one nurse, alleging medical malpractice in the treatment of Ms. Elliott. Because Southside became a federally supported health center during the period of treatment, the United States of America intervened, substituted itself as a defendant, and removed the case to the United States District Court for the Northern District of Georgia. The district court dismissed the United States as a party based upon Ms. Simmons' failure to exhaust state administrative remedies, and remanded the case to the state court. She later filed this action in the federal district court against the United States. By consent order, Ms. Simmons agreed to dismiss the state court action and to amend her federal complaint to join Southside, one physician, and one nurse (Appellees). By the time Ms. Simmons filed the amended complaint, however, it had been more than five years since the alleged negligent acts of Appellees, but less than five years since her appointment as administrator. The district court dismissed the state court claims against Appellees, holding that such claims were barred by the applicable five-year statute of ultimate repose, which reads as follows: "Notwithstanding subsection (a) of this Code section, in no event may an action

for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." OCGA § 9-3-71 (b). On appeal, the United States Court of Appeals for the Eleventh Circuit certified the following question: "Will Georgia law allow the unrepresented estate statute, OCGA § 9-3-92, to toll the ultimate statute of repose in medical malpractice actions, OCGA § 9-3-71 (b), by the period during which the estate went unrepresented?" Simmons v. Sonyika, 394 F3d 1335, 1340-1341 (II) (11th Cir. 2004).

In pertinent part, OCGA § 9-3-92 provides that "[t]he time between the death of a person and the commencement of representation upon his estate... shall not be counted against his estate in calculating any limitation applicable to the bringing of an action ...." That statute applied only to statutes of limitation when it was enacted nearly 150 years ago, long before the adoption of legislation creating any statutes of repose. Ga. L. 1855-1856, pp. 233, 235, 237, §§ 21, 40; Wright v. Robinson, 262 Ga. 844, 846 (1) (426 SE2d 870) (1993). "The subsequent enactment of OCGA §§ 9-3-71 and 9-3-73 clearly distinguishes between the statutes of limitation and the statutes of repose." Siler v. Block, 204 Ga. App. 672, 674 (1)(420 SE2d 306) (1992). Indeed, OCGA § 9-3-71 (c) expressly designates OCGA 9-3-71 (b) as "a five-year statute of ultimate repose

-4-

and abrogation," differentiating it from the "two-year statute of limitations" created by OCGA § 9-3-71(a).

> The distinction between the statute of limitation and the statute of repose [in OCGA § 9-3-71] is clear. "A statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that period, it is not actionable." [Cit.]

Craven v. Lowndes County, 263 Ga. 657, 660 (2) (437 SE2d 308) (1993). See also Pafford v. Biomet, 264 Ga. 540, 543 (1) (448 SE2d 347) (1994).

> > A statute of repose stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute; the bar of the statute of limitation is contingent.
>
> [Cit.] The statute of repose destroys the previously existing rights so that, on the ex period, the cause of action no longer exists. [Cit.]

Wright v. Robinson, supra at 845 (1) (citing Massachusetts cases).

Because we presume that the legislature enacts all statutes with knowledge of the existing laws, the provisions of the more recently adopted medical malpractice statute of repose carry greater weight than those of the preexisting

unrepresented estate statute. <u>Wright v. Robinson</u>, supra at 846 (1). In <u>Wright</u>, this Court relied on the "in no event" language found in OCGA § 9-3-71 (b) and on the wording of the previously enacted renewal statute, OCGA § 9-2-61 (a), which provision, like OCGA § 9-3-92, refers only to "limitation." Both logic and this plain language are clear indications that the legislature never intended for the unrepresented estate statute to overcome the subsequently enacted statute of repose. <u>Wright v. Robinson</u>, supra. See also <u>Siler v. Block</u>, supra. Compare <u>Abend v. Klaudt</u>, 243 Ga. App. 271, 274-276 (2) (531 SE2d 722) (2000) (holding that the provisions of OCGA § 9-3-72, relating to foreign object cases, when construed in light of the judicially created continuing tort doctrine upon which it was based, and in pari materia with OCGA § 9-3-73 (d, e), plainly preclude application of the statute of repose).

Furthermore, "'[b]y definition, a statute of ultimate repose cannot be "tolled" ....'" <u>Osburn v. Goldman</u>, 269 Ga. App. 303 (1) (a) (603 SE2d 695) (2004). See also <u>Esener v. Kinsey</u>, 240 Ga. App. 21, 22 (522 SE2d 522) (1999); <u>Hill v. Fordham</u>, 186 Ga. App. 354, 357 (2) (367 SE2d 128) (1988). This principle is consistent with the law of the jurisdiction upon which this Court relied in <u>Wright</u>. "Unlike statutes of limitation, statutes of repose may not be 'tolled' for any reason, as 'tolling' would deprive the defendant of the certainty of the repose deadline and

-6-

thereby defeat the purpose of a statute of repose. [Cit.]" Nett v. Bellucci, 774 NE2d 130, 134 (2) (Mass. 2002).

> "Whether by discovery, which delays the accrual of the action, or by infancy, incompetency, or fraud, which may toll the statute of limitation for up to five years ..., nothing stops the abrogation of the action by the statute of repose; five years after the negligent or wrongful act or omission occurred, despite any non-discovery or any tolling, the medical malpractice action or potential action ceases to exist by abrogation of law under the statute of repose. [Cits.]" [Cit.]

Esener v. Kinsey, supra at 24.

Nothing in the relevant statutory provisions indicates that OCGA § 9-3-92 or any other section of Article 5, OCGA §§ 9-3-90 et seq., can toll the medical malpractice statute of repose. OCGA § 9-3-73 (a) provides that the disabilities and exceptions of Article 5, including the unrepresented estate statute, are applicable to actions for medical malpractice, but does not give any indication that those disabilities and exceptions apply to the statute of repose. To the contrary, it is well settled that even the Article 5 exception of "fraud under OCGA § 9-3-96 does not toll the statute of repose." Esener v. Kinsey, supra at 23.

The unrepresented estate statute does not toll the medical malpractice statute of repose by virtue of OCGA § 9-3-71 (d). That statute specifies that nothing in OCGA § 9-3-71 (a) or (b) "shall be construed to repeal Code Section 9-3-73, which shall be deemed to apply either to the applicable statutes of limitation or repose." OCGA § 9-3-71 (d). Because of the disjunctive nature of this language, the fact that OCGA § 9-3-92 applies to the statute of limitations by way of OCGA § 9-3-73 (a) does not mean that it applies to the statute of repose as well. The legislature's intention in enacting OCGA § 9-3-71 (d) is illustrated by its creation of separate medical malpractice statutes of limitation in OCGA § 9-3-73 (b) and statutes of repose in OCGA § 9-3-73 (c) with respect to minors and legally incompetent persons. OCGA § 9-3-73 (d). Subsection (b) of OCGA § 9-3-73 modifies the limitations period and, therefore, clearly does not apply to the statute of repose. Subsection (c) modifies the period of repose and, thus, obviously does not apply to the statute of limitations. Accordingly, OCGA § 9-3-71(d) does not require that any part of OCGA § 9-3-73, including subsection (a), be simultaneously applied to both statutes of limitation and of repose.

Since tolling of the medical malpractice statute of repose is not required by either OCGA § 9-3-71 (d) or OCGA § 9-3-73 (a), and would contravene the mandatory language of OCGA § 9-3-71 (b), as well as the accepted judicial and

legislative distinction between statutes of limitation and of repose, we hold that the unrepresented estate statute does not toll the statute of ultimate repose in medical malpractice actions. See <u>Wright v. Robinson</u>, supra at 845-846 (1); <u>Langley v. Pierce</u>, 438 SE2d 242 (S.C. 1993); <u>DeLay v. Marathon LeTourneau Sales and Service Co.</u>, 630 P2d 836 (Ore. 1981). Therefore, we answer the certified question in the negative.

**Certified question answered.  All the Justices concur**.