### A09A2393. ROSENBERG v. FALLING WATER, INC.
(690 SE2d 183)

ELLINGTON, Judge.

In this negligent construction and fraud case arising from the collapse of a deck, Richard Rosenberg appeals from the trial court's grant of summary judgment to Falling Water, Inc., the successor in interest to the company which constructed Rosenberg's home ("the builder"). Rosenberg contends that the court erred in granting summary judgment to the builder, arguing that there was sufficient evidence to support a finding that the builder had committed fraud and that the builder's fraud should have estopped it from asserting the applicable statute of repose, OCGA § 9-3-51, as a defense. Finding no error, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant." (Citations and punctuation omitted.) *White v. Ga. Power Co.*, 265 Ga. App. 664, 664-665 (595 SE2d 353) (2004). So viewed, the record shows the following undisputed facts.

On May 5, 1994, the builder obtained a permit from the City of Kennesaw to begin construction of a house at 1423 Shiloh Way. The city issued a certificate of occupancy for the property on July 12, 1994. On July 14, 1994, the builder transferred title to the property to Susan and William Nowicki. The Nowickis subsequently sold the property to Axel and Charlotte Bayala. On March 28, 2002, almost eight years after the city issued a certificate of occupancy for the property and the builder transferred title to the property, the Bayalas sold the house to Rosenberg.

According to Rosenberg, he learned about the house from a real estate agent whose name he could not remember, and he testified that the agent did not make any statements regarding the quality of homes other than to say they were "nice starter homes at a great value." Before buying the house, Rosenberg did not know who had built the house and did not inquire about it, had no contact with the builder, did not know anything about the builder's reputation, did not know anything about Shiloh Plantation subdivision, and did not talk to any other homeowners in the subdivision about their homes.

The house had a deck attached to the back. In August 2005, Rosenberg hired his neighbors, who were not carpenters, builders or

renovators, to remove the wood siding from the house so that it could be replaced with vinyl siding. On August 31, 2005, on the second day of the renovation project, the neighbors removed the siding from the back of the house, but left the original siding at the site where the deck was attached to the house. When Rosenberg arrived home from work, he started to walk out onto the deck to check the progress of the project. As soon as he stepped on the deck, it collapsed and he fell, sustaining serious injuries. There is no evidence in the record that Rosenberg or the previous owners experienced any problems with the deck prior to the August 2005 collapse.

On May 25, 2006, Rosenberg sued the builder for injuries resulting from the deck collapse. In his complaint, Rosenberg alleged that the builder had negligently constructed the deck by failing to properly affix it to the house[1] and had committed fraud by hiding the defective construction from future owners by using certain bolts that made it appear that the deck was properly attached to the house. In the builder's motion for summary judgment, it asserted that Rosenberg's claims were barred by OCGA § 9-3-51 (a), which imposes an eight-year statute of repose on actions to recover for personal injuries resulting from a deficiency in the construction of an improvement to real property.[2] Rosenberg argued, however, that, because the builder committed fraud, it should be equitably estopped from asserting a defense based upon the statute of repose.

Following a hearing, the trial court granted summary judgment to the builder based upon a finding that Rosenberg's claims were barred by the statute of repose, OCGA § 9-3-51. In so ruling, the court implicitly ruled that, even if the builder committed fraud in 1994, as alleged by Rosenberg, such fraud did not estop the builder from asserting the statute of repose defense in connection with injuries Rosenberg sustained 11 years later.[3] This appeal followed.

1. Rosenberg contends that the trial court erred in ruling that

---

[1] Notably, Rosenberg failed to present any evidence that the construction of the deck violated any applicable building standard or code, nor did he present any expert evidence which supported a finding that the deck had, in fact, been negligently constructed.

[2] The relevant portion of OCGA § 9-3-51 (a) provides that a plaintiff may not maintain an action to recover damages for personal injuries arising out of "any deficiency in the . . . construction of an improvement to real property" which is brought against "any person performing or furnishing the . . . construction of such an improvement more than eight years after substantial completion of such an improvement." OCGA § 9-3-51 (a) (1), (3).

Notably, although OCGA § 9-3-51 (b) provides an ultimate ten-year statute of repose for suits based upon personal injuries which occur within the seventh or eighth year after substantial completion of the property improvements, this subsection is not applicable in this case, as Rosenberg's injuries occurred over eleven years after the house and attached deck were substantially completed.

[3] Alternatively, the court also ruled that Rosenberg had failed to present evidence to support each element of fraud.

the eight-year statute of repose for personal injuries arising from deficiencies in the construction of an improvement to real property, codified in OCGA § 9-3-51, barred his claims. According to Rosenberg, the builder not only negligently attached the deck to his house, but then it committed fraud by intentionally hiding the negligence by using certain bolts that made it appear that the deck was properly attached to the house.[4] Rosenberg argues that, as a result, the court should have ruled that the builder was equitably estopped from asserting the statute of repose to bar his claim and denied the builder's motion for summary judgment.

(a) As an initial matter, we need to clarify the differences between the applicable statute of limitation in this case and the statute of ultimate repose relied upon by the builder. The applicable statute of limitation that applies to Rosenberg's personal injuries is codified in OCGA § 9-3-33, which states in relevant part that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues."[5] In contrast, OCGA § 9-3-51 (a) is the applicable eight-year statute of ultimate repose for injuries resulting from defective building construction.[6] In *Simmons v. Sonyika*, the Supreme Court of Georgia explained the difference between a statute of limitation and a statute of repose:

> A statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. *If the injury occurs outside that period, it is not actionable.* A statute of repose stands as an unyielding barrier to a plaintiff's right of action. *The statute of repose is absolute; the bar of the statute of limitation is contingent.* The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists. . . . [Thus, unlike] statutes of limitation, statutes of repose may not be "tolled" for any reason, as "tolling" would deprive the defendant of the certainty of the repose deadline and thereby defeat the purpose of a statute of repose.

---

[4] In the court below and in his appellate briefs, Rosenberg emphasized that he is not asserting a cause of action for fraudulent concealment of the alleged construction defect. He has stressed that, instead, his allegation of fraud is relevant only to whether his cause of action is barred by the statute of repose.

[5] There is no dispute that Rosenberg filed his suit within two years of the collapse of the deck.

[6] See *Hill v. Fordham*, 186 Ga. App. 354, 357 (2) (367 SE2d 128) (1988) (noting that the statute of repose period limits liability for injuries occurring after a certain period and is "based upon reasonable expectations about the useful life of a building") (citation omitted).

(Citations and punctuation omitted; emphasis supplied.) 279 Ga. 378, 380 (614 SE2d 27) (2005) (comparing the medical malpractice two-year statute of limitation in OCGA § 9-3-71 (a) with the five-year statute of repose in OCGA § 9-3-71 (b), and stating that, "[w]hether by discovery, which delays the accrual of the action, or by infancy, incompetency, or fraud, which may toll the statute of limitation for up to five years, nothing stops the abrogation of the action by the statute of repose; five years after the negligent or wrongful act or omission occurred, despite any non-discovery or any tolling, the medical malpractice action or potential action ceases to exist by abrogation of law under the statute of repose") (citations and punctuation omitted). Thus, "by definition, a statute of ultimate repose cannot be 'tolled' to permit actions to be brought for injuries which did not occur until after the statutory period had expired." *Hill v. Fordham*, 186 Ga. App. at 357-358 (2).

(b) Rosenberg argues that, even though his injuries did not occur until after the statute of repose period expired, the builder should be equitably estopped from even asserting the statute of repose to bar his claim due to its fraud in covering up its negligence when it built the deck. The cases upon which he relies for his estoppel argument, however, are distinguishable from the instant case on the facts or the applicable law. In each of those cases,[7] the plaintiff's injury occurred *before the statute of repose period expired*, the defendant's fraud occurred *after the injury*, and such fraud delayed or prevented the plaintiff from filing suit until after the statute of repose period had expired. Consequently, under the doctrine of equitable estoppel, the defendant's fraud estopped him or her from asserting the defense of the statute of ultimate repose.

(c) In contrast, as shown in the recitation of the facts above, Rosenberg was injured when the deck collapsed in 2005, three years after the eight-year statute of repose period had expired. Consequently, regardless whether the builder fraudulently covered up its allegedly negligent construction of the deck at the time it substantially completed the house in 1994, the eight-year statute of repose

---

[7] See, e.g., *Bomba v. W. L. Belvidere, Inc.*, 579 F2d 1067, 1069-1071 (III) (7th Cir. 1978); *Esener v. Kinsey*, 240 Ga. App. 21, 23-24 (522 SE2d 522) (1999); *Hill v. Fordham*, 186 Ga. App. at 357-358 (2); see also *Lasoya v. Sunay*, 193 Ga. App. 814, 816-817 (1), (2) (389 SE2d 339) (1989) (plaintiff's injuries occurred during the liability period, but she failed to prove that the defendant committed fraud which prevented her from discovering the cause of her injuries or filing suit until after the liability period expired, so the defendant was entitled to summary judgment); cf. *Canton Lutheran Church v. Sovik &c.*, 507 FSupp. 873, 879-880 (III) (D. S. D. 1981) (the federal district court ruled that, under South Dakota law, the defendant contractor's misrepresentations to the plaintiff and his fraudulent concealment of construction defects prohibited him from asserting the statute of limitation as a defense under the doctrine of equitable estoppel).

period expired in 2002 and, therefore, any cause of action for Rosenberg's injuries was barred by OCGA § 9-3-51 (a). *Simmons v. Sonyika*, 279 Ga. at 379-380; *Hill v. Fordham*, 186 Ga. App. at 357-358 (2); see also *Beall v. Inclinator Co. of America*, 182 Ga. App. 664, 664-665 (356 SE2d 899) (1987) (physical precedent only) (plaintiff's lawsuit for personal injuries resulting from a defective elevator was barred because her injuries occurred twenty-four years after installation of the elevator and, thus, her suit was untimely under the eight-year statute of repose period of OCGA § 9-3-51, despite allegations that the manufacturer of the elevator had prior knowledge of the defect and had failed to warn her). The trial court properly granted summary judgment to the builder.

2. In light of our decision in Division 1, supra, Rosenberg's remaining alleged error is moot.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 28, 2009 —
RECONSIDERATION DENIED JANUARY 21, 2010

*Michael J. Warshauer*, for appellant.

*Carlock, Copeland & Stair, David F. Root, Ann H. Bracco, Cheryl H. Shaw, Merritt & Tenney, William H. McLean IV*, for appellee.