S10G0877. ROSENBERG v. FALLING WATER, INC.
(709 SE2d 227)

MELTON, Justice.

In *Rosenberg v. Falling Water, Inc.*, 302 Ga. App. 78 (690 SE2d 183) (2009), the Court of Appeals affirmed the trial court's grant of summary judgment to the defendant, Falling Water, Inc., in a personal injury action arising from the collapse of a deck at plaintiff Richard Rosenberg's home. We granted review to determine whether the Court of Appeals erred in holding that Falling Water was not equitably estopped from relying on the statute of repose to defeat Rosenberg's construction defect claim. For the reasons set forth below, we affirm.

As set forth by the Court of Appeals, the record shows the following undisputed facts:

On May 5, 1994, [Falling Water, Inc.] obtained a permit from the City of Kennesaw to begin construction of a house

at 1423 Shiloh Way. The city issued a certificate of occupancy for the property on July 12, 1994. On July 14, 1994, [Falling Water] transferred title to the property to Susan and William Nowicki. The Nowickis subsequently sold the property to Axel and Charlotte Bayala. On March 28, 2002, almost eight years after the city issued a certificate of occupancy for the property and [Falling Water] transferred title to the property, the Bayalas sold the house to Rosenberg.

According to Rosenberg, he learned about the house from a real estate agent whose name he could not remember, and he testified that the agent did not make any statements regarding the quality of homes other than to say they were "nice starter homes at a great value." Before buying the house, Rosenberg did not know who had built the house and did not inquire about it, had no contact with [Falling Water], did not know anything about [Falling Water]'s reputation, did not know anything about Shiloh Plantation subdivision, and did not talk to any other homeowners in the subdivision about their homes.

The house had a deck attached to the back. In August 2005, Rosenberg hired his neighbors, who were not carpenters, builders or renovators, to remove the wood siding from the house so that it could be replaced with vinyl siding. On August 31, 2005, on the second day of the renovation project, the neighbors removed the siding from the back of the house, but left the original siding at the site where the deck was attached to the house. When Rosenberg arrived home from work, he started to walk out onto the deck to check the progress of the project. As soon as he stepped on the deck, it collapsed and he fell, sustaining serious injuries. There is no evidence in the record that Rosenberg or the previous owners experienced any problems with the deck prior to the August 2005 collapse.

On May 25, 2006, Rosenberg sued [Falling Water] for injuries resulting from the deck collapse. In his complaint, Rosenberg alleged that [Falling Water] had negligently constructed the deck by failing to properly affix it to the house and had committed fraud by hiding the defective construction from future owners by using certain bolts that made it appear that the deck was properly attached to the house. In [Falling Water]'s motion for summary judgment, it asserted that Rosenberg's claims were barred by OCGA § 9-3-51 (a), which imposes an eight-year statute of repose on actions to recover for personal injuries resulting from a

deficiency in the construction of an improvement to real property. Rosenberg argued, however, that, because [Falling Water] committed fraud, it should be equitably estopped from asserting a defense based upon the statute of repose.

(Footnotes omitted.) Id. at 78-79.

The trial court subsequently granted summary judgment to Falling Water based upon a finding that Rosenberg's claims were barred by the statute of repose, OCGA § 9-3-51. The Court of Appeals thereafter affirmed the trial court, finding that Falling Water was not estopped from asserting a defense based on the statute of repose because Rosenberg's injury occurred after the statute had run. Rosenberg now appeals this ruling, contending in essence that the doctrine of estoppel invalidates the statute of repose, even when a plaintiff receives no injuries prior to the running of the statutory period. For the reasons set forth below, we disagree.

This Court has repeatedly held that a statute of ultimate repose frames the time period in which a right may accrue, if at all. Therefore, if an injury occurs outside this time period, the injury is not actionable, as there is no longer even an inchoate right which may be brought to fruition by injury. See, e.g., *Wright v. Robinson*, 262 Ga. 844, 845 (1) (426 SE2d 870) (1993) ("A statute of repose stands as an unyielding barrier to a plaintiff's right of action."); *Simmons v. Sonyika*, 279 Ga. 378, 379 (614 SE2d 27) (2005) ("A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that time period, it is not actionable") (citations and punctuation omitted). "A statute of ultimate repose sets an ultimate limit on which injuries shall be actionable. Therefore, by definition, a statute of ultimate repose cannot be 'tolled' to permit actions to be brought for injuries which did not occur until after the statutory period had expired." *Hill v. Fordham*, 186 Ga. App. 354, 357-358 (2) (367 SE2d 128) (1988).

The statute of repose applicable in this case provides that no action to recover damages for "injury to the person . . . arising out of . . . any deficiency in the . . . construction of an improvement to real property . . . shall be brought against any person performing . . . construction of such an improvement more than eight years after substantial completion of such an improvement." OCGA § 9-3-51 (a) (1), (3). Here, the injuries sustained by Rosenberg occurred more than a decade after his home had been substantially completed by Falling Water. As a result, Rosenberg's right to file suit against Falling Water never accrued, and, once eight years passed with no injury, even the possibility of such an accrued right was eliminated. Based on *Esener v. Kinsey*, 240 Ga. App. 21 (522 SE2d 522)

(1999),[1] and *Hill v. Fordham*, supra,[2] Rosenberg argues that he should be allowed to maintain suit against Falling Water because: (1) a question of fact remains whether Rosenberg fraudulently concealed a defect in the deck construction and (2) Falling Water should be equitably estopped from asserting the statute of repose defense if such fraud can be shown. *Hill* and *Esener*, however, do not support this conclusion. In both of these cases, the respective plaintiffs sustained and discovered injuries *within* the statute of repose. Each plaintiff delayed in filing suit until after the statute of repose's expiration due to fraudulent acts by the respective defendants which were designed to prevent or discourage the plaintiffs from filing suit. Thus, in both of these cases, the plaintiff's right accrued within the time period set by the statute of repose, and fraudulent acts committed after the injury by a defendant prevented the plaintiff from pursuing this now viable right within the applicable statute of repose. Because the defendant's fraudulent actions in each case prevented the plaintiff from pursuing a timely-accrued right, it was held that the defendant should be equitably estopped from asserting a defense based on the statute of repose. The Court of Appeals explained in *Esener* the reasoning behind this rule: "the statute of ultimate repose should not be applied to relieve a defendant of liability for injuries which occurred *during the period of liability*, but which were concealed from the patient by the defendant's own fraud." (Emphasis supplied.) *Esener*, supra, 240 Ga. App. at 22. In other words, the defendant would not be allowed to cause the plaintiff to miss the deadline imposed by the statute of repose and then use that same statute to defeat the plaintiff's otherwise viable action.

Rosenberg's argument that the exception to the statute of repose set forth in these cases should be extended to his situation is logically untenable. In the present case, Rosenberg never held a timely-accrued right to bring suit against Falling Water for his personal injuries. As set forth above, Rosenberg was not personally injured until years after the statute of repose time period expired. Therefore, he has never had a viable cause of action to pursue. In addition, Falling Water has taken no action to prevent Rosenberg from discovering a cause for his injuries or to dissuade Rosenberg from

---

[1] In *Esener*, an improper delivery caused brain damage to a child, but the delivering gynecologist concealed any negligence and made the mother believe that the damage was caused by something else.

[2] In *Hill*, there was evidence that a dentist knew of the existence of a wisdom tooth and the condition which allegedly caused patient's pain and discomfort, and patient claimed he failed to seek further treatment or diagnosis of his condition in reliance on the dentist's statement that the condition would resolve itself.

filing suit with respect to his injuries, even if such a cause of action existed. In *Hill* and *Esener*, the defendant was estopped from relying on a deadline that the defendant purposefully caused the plaintiff to miss. Falling Water simply could not have caused Rosenberg to miss the deadline for filing suit for his personal injuries because those personal injuries did not even occur until the deadline had already passed.

Rosenberg maintains that this result is not equitable; however, it must be remembered that the statute of repose, itself, is a statutory construct based on considerations of fundamental fairness. The statute of repose represents an express determination by the Legislature of a time beyond which it is no longer fair to hold a defendant to be potentially liable for his actions.

> [It is] the legislature's intent, in enacting statutes of ultimate repose, to establish a reasonable outside time limit beyond which architects, engineers, and contractors are insulated from suit based upon their work in constructing improvements to real estate. See generally *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, 240 Ga. 426, 427-428 (241 SE2d 184) (1977). Without such protection, such persons would be exposed to liability for many years after losing control over the improvements and their use and maintenance.

(Citation omitted.) *Gwinnett Place Assoc., L.P. v. Pharr Engineering, Inc.*, 215 Ga. App. 53, 55 (1) (a) (449 SE2d 889) (1994). In light of this legislative mandate and our precedent which requires that the injury must happen *within* the applicable time period of the statute of repose for equitable estoppel to apply, the Court of Appeals properly affirmed the trial court's grant of summary judgment to Falling Water.[3]

The dissent's own statements of the law, as opposed to its

---

[3] Rosenberg argues that the Court of Appeals endorsed the holding of *Canton Lutheran Church v. Sovik, Mathre, Sathrum & Quanbeck*, 507 FSupp 873 (S.D. 1981), in *Hill v. Fordham*, supra. That decision's cursory citation to *Canton Lutheran* was not an endorsement of the proposition that a defendant can be barred through equitable estoppel from asserting the statute of repose as a defense when an injury occurred after the end of the repose period. In citing *Canton Lutheran* in *Hill*, the Court of Appeals noted only that "[o]ther jurisdictions have held that the doctrine of equitable estoppel precludes a defendant from raising the defense of the statute of ultimate repose where there is evidence of fraud or other conduct on which the *plaintiff reasonably relied in forbearing the bringing of a lawsuit*." (Emphasis supplied.) *Hill*, supra, 186 Ga. App. at 358 (2). Here, Rosenberg did not "forbear" the bringing of the lawsuit because the injury had not occurred and no right had accrued during the statute of repose. Furthermore, as the Court of Appeals pointed out in its opinion in *Rosenberg v. Falling Water, Inc.*, the *Canton Lutheran* case is distinguishable in that it addressed a statute of limitation issue in a case where the plaintiff claimed fraudulent concealment. This

statements of pure opinion, actually support the outcome described above and negate the dissent's unfounded conclusion. For example, the dissent states that this majority creates "incongruous results" by treating personal injury claims and defective construction claims differently. The dissent, however, explicitly recognizes that a claim for *property damage* due to defective construction typically arises upon substantial completion of a project, while a claim for *personal injury* does not. This very observation proves that these two causes of action are fundamentally different and that the result here is not at all incongruous. To the contrary, the dissent's discussion is internally inconsistent on this point. Furthermore, the dissent explicitly recognizes that a statute of repose is an "unyielding barrier" to a plaintiff's right of action. Yet, in the next breath, the dissent would eradicate this barrier by its own conclusion of where the law should be, not where it is. In short, the dissent bases its analysis on inaccurate comparisons between admittedly different causes of action and legal conclusions contrary to the very law it cites. As a result, the dissent provides no viable argument for reaching a different result.

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., Carley, P. J., and Benham, J., who dissent.*

HUNSTEIN, Chief Justice, dissenting.

The unworkable rule the majority creates, distinguishing between cases in which injury occurs and the claim accrues during the repose period of the improvement to real property statute of repose, OCGA § 9-3-51, and those in which the injury occurs thereafter yields irrational results. Neither logic nor the general nature or function of statutes of repose compel, much less support, the conclusion that equitable estoppel is unavailable because Rosenberg's deck collapsed and he suffered bodily injury outside of the repose period, and the effect of the majority's opinion is to countenance fraud. Because I cannot agree that the application of equitable estoppel is automatically foreclosed in this case, I respectfully dissent.

1. In concluding that equitable estoppel is unavailable to Rosenberg, the majority establishes a dichotomy between cases in which the injury occurs and the claim accrues during the repose period and those in which the injury sued upon occurs after the repose period has expired, holding that equitable estoppel is available only in the former category of cases. Absent from the majority's analysis is a

---

difference is important since "[t]he statute of repose is absolute; the bar of the statute of limitation is contingent." (Citation omitted.) *Wright v. Robinson,* supra, 262 Ga. at 845.

discussion of the incongruous results its rule will produce in cases asserting claims governed by OCGA § 9-3-51. Specifically, inconsistent results will occur by virtue of the early accrual date of a property owner's claim for damage to real property based on defects in construction.

A building owner's tort claims based upon defects in construction typically accrue upon substantial completion of the project "because damages usually become immediately ascertainable to the [owner] at that time." *Colormatch Exteriors, Inc. v. Hickey*, 275 Ga. 249 (1) (569 SE2d 495) (2002).[4] Where, as here, a property owner files an action against a builder based on negligent construction and fraudulent concealment of construction defects, the plaintiff's allegations, assuming their truth, will almost always establish the existence of an actionable injury within the repose period, i.e., damage to the owner's real property. Thus, if Rosenberg's allegations here are true, the initial homeowners, the Nowickis, could have asserted negligence or fraud claims well within the applicable statute of limitation, OCGA § 9-3-30, and the statute of repose in OCGA § 9-3-51. To the extent that Falling Water fraudulently concealed such claims from the Nowickis and their successors-in-interest, the statute of limitation would be tolled. See OCGA § 9-3-96; compare *U-Haul Co. of W. Ga.*, 247 Ga. at 567 (if statute of limitation expired on claims held by original owner for damage to building, claims are not revived when building is sold to subsequent purchaser).

Facts sufficient to toll the statute of limitation would also permit a homeowner to assert that the builder should be equitably estopped from relying on the statute of repose in OCGA § 9-3-51. The majority does not dispute that, so long as a claim accrues *before* the repose period expires, a plaintiff in a suit alleging defects in construction, like a plaintiff in a medical malpractice case, may invoke the doctrine of equitable estoppel to bar a defendant from asserting a statute of repose defense if the plaintiff shows fraud "by offering evidence of a known failure to reveal negligence." *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657 (3) (437 SE2d 308) (1993). Thus, applying the majority's rule, Rosenberg might be entitled to invoke the

---

[4] See also *U-Haul Co. of W. Ga. v. Abreu & Robeson, Inc.*, 247 Ga. 565, 566 (277 SE2d 497) (1981) (legal injury from negligent design occurs at the time of construction because building is damaged at that time); *Heffernan v. Johnson*, 209 Ga. App. 139 (1) (433 SE2d 108) (1993) (fraud claim for damage to home accrued upon substantial completion); *Millard Matthews Builders, Inc. v. Plant Improvement Co., Inc.*, 167 Ga. App. 855 (307 SE2d 739) (1983) (negligent design or construction of building "in and of itself constitute[s] a legal injury to the plaintiff") (citation and punctuation omitted). In *Colormatch Exteriors*, we established an exception to this rule, holding that when a builder retains ownership of the residence and contracts to sell it after substantial completion, the purchaser's claim against the builder accrues upon the initial sale of the property. 275 Ga. at 251-252 (2).

doctrine of equitable estoppel to the extent he was pursuing an action for damages for real property subsequent to the deck's collapse because injury occurred and a claim accrued before the repose period expired. The collapse of the deck did not represent a new claim for damage to real property but rather resulted in accrual of additional damages on an existing claim. But, as the majority would have it, even if Falling Water engaged in fraud, Rosenberg is automatically foreclosed from invoking the doctrine of equitable estoppel when seeking damages for personal injury occurring during the very same incident because the personal injury claim arose only when Rosenberg took the fateful step out onto the deck and it collapsed. See *U-Haul Co. of W. Ga.*, 247 Ga. at 567 (claim for personal injury resulting from defective construction accrues when injury occurs).

2. Despite the irrational results it yields, the majority insists that logic and the very nature of statutes of repose compel it to draw a distinction between cases in which the claim accrues within the repose period and those in which the injury sued upon occurs later. I disagree. In concluding that a claim's accrual date is dispositive, the majority relies on *Hill v. Fordham*, 186 Ga. App. 354 (367 SE2d 128) (1988), one of the first Georgia appellate decisions to hold that equitable estoppel may be applied to defeat the statute of repose applicable in medical malpractice cases, OCGA § 9-3-71 (b). In *Hill*, the Court of Appeals stated:

> There is a distinction between a statute of limitation and a statute of ultimate repose. A statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that period, it is not actionable.

Id. at 357 (2). The Court of Appeals then reasoned that since "[a] statute of ultimate repose sets an ultimate limit on which injuries shall be actionable . . . by definition, a statute of ultimate repose cannot be 'tolled' to permit actions to be brought for injuries which did not occur until after the statutory period had expired." Id. The Court of Appeals concluded, however, that a different result obtains when the injury sued upon occurs within the repose period:

> [T]he statute of ultimate repose should not be applied to relieve a defendant of liability for injuries which occurred during the period of liability, but which were concealed from the patient by the defendant's own fraud. The statute of ultimate repose should not provide an incentive for a doctor

or other medical professional to conceal his or her negligence with the assurance that after five years such fraudulent conduct will insulate him or her from liability. The sun never sets on fraud.

Id. *Hill* did not involve a medical malpractice case in which the plaintiff suffered no injuries until after the repose period expired, and its discussion of the availability of equitable estoppel under those circumstances is dicta.[5]

Contrary to the dicta in *Hill* and the majority's conclusion here, nothing about the definition or function of a statute of repose such as OCGA § 9-3-51 leads logically or inexorably to the conclusion that equitable estoppel cannot apply when the injury underlying a plaintiff's claim occurs outside of the repose period. As the majority points out, Maj. Op., p. 59, we have stated previously that "[a] statute of repose stands as an unyielding barrier to a plaintiff's right of action." *Wright v. Robinson*, 262 Ga. 844 (1) (426 SE2d 870) (1993). But this is equally true whether or not the plaintiff's injury occurs before or after the repose period expires. Thus, if the injury necessary to complete a tort claim occurs after the repose period ends, the injury is not actionable. See *Craven*, supra, 263 Ga. at 660 (2). The statute of repose, in that situation, acts to "abolish a claim before its accrual." Id.; see also *Mullis v. Southern Co. Svcs.*, 250 Ga. 90 (1) (296 SE2d 579) (1982). In addition, when a claim accrues during the repose period, the expiration of the period before a lawsuit is commenced "destroys . . . previously existing rights so that . . . [any existing] cause of action no longer exists." *Wright*, supra, 262 Ga. at 845 (1); *Simmons v. Sonyika*, 279 Ga. 378, 379 (614 SE2d 27) (2005).

Our pronouncements about the absolute nature of statutes of repose, however, do not foreclose an equitable estoppel from arising when the requisite elements are established under OCGA § 24-4-27.[6] I would conclude that this is true regardless of when an injury occurs. When an estoppel results from the estopped party's fraudulent conduct, that party may be foreclosed from invoking the protection of an otherwise applicable legal rule or statute. As our

---

[5] The dicta in *Hill* have been repeated in several Court of Appeals opinions, but, as in *Hill*, the underlying cases have not involved an injury first occurring after the expiration of the statute of repose. See, e.g., *Osburn v. Goldman*, 269 Ga. App. 303 (1) (a) (603 SE2d 695) (2004); *Esener v. Kinsey*, 240 Ga. App. 21, 22-23 (522 SE2d 522) (1999); *Bynum v. Gregory*, 215 Ga. App. 431 (2) (450 SE2d 840) (1994).

[6] OCGA § 24-4-27 states: "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury."

Court of Appeals has explained:

> The principle of equitable estoppel is based on the ground of promoting the equity and justice of the individual case by preventing a party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth.

(Citation and punctuation omitted.) *Hewett v. Carter*, 215 Ga. App. 429, 430 (1) (450 SE2d 843) (1994); see also *Eiberger v. West*, 247 Ga. 767 (1) (a) (281 SE2d 148) (1981) (obligor under promissory note estopped by conduct from asserting defense under usury statute). When it applies to preclude reliance on a statute of repose, equitable estoppel does not purport to toll, modify, or otherwise alter the repose period. Rather, "[e]quitable estoppel is a way of saying that . . . the statute of repose [is] valid and would be [an] absolute defense[ ] to this action but because of your conduct . . . , you . . . will not be permitted to raise [the defense]." *Robinson v. Shah*, 936 P.2d 784, 796 (Kan. Ct. App. 1997).[7]

In *Craven*, supra, we concluded without hesitation that equitable estoppel applies with full force when a plaintiff in a medical malpractice case has been injured but fails to file suit within the repose period because the defendant knowingly conceals his or her negligence. 263 Ga. at 660 (3). As the Court of Appeals recognized in *Hill*, supra, to hold otherwise would subvert the purpose of the equitable estoppel doctrine by incentivizing fraud. 186 Ga. App. at 357.

"Equity mandates that wrongdoers should be estopped from enjoying the fruits of their fraud." *Windham v. Latco of Miss., Inc.*, 972 So.2d 608, 612 (Miss. 2008) (equitable estoppel available to bar reliance on improvement to real property statute of repose); *Canton Lutheran Church v. Sovik, Mathre, Sathrum & Quanbeck*, 507 FSupp 873, 879-880 (S.D. 1981) (same).[8] Yet, by arbitrarily limiting the availability of equitable estoppel based on the date of the

---

[7] See also *Sovereign Camp, W. O. W. v. Heflin*, 59 Ga. App. 299, 305 (200 SE 489) (1938) ("Estoppel means 'that a party is precluded by his own acts from asserting a right to the detriment of another who, entitled to rely on such conduct, has acted thereon.' ") (citation omitted); *Bomba v. Belvidere, Inc.*, 579 F2d 1067, 1070 (7th Cir. 1978) ("[B]ecause equitable estoppel operates directly on the defendant without abrogating the running of the limitations period as provided by statute, it might apply no matter how unequivocally the applicable limitations period is expressed."); Black's Law Dictionary at 570 (7th ed. 1999) (" 'Estoppe,' says Lord Coke, 'cometh of the French word *estoupe*, from whence the English word stopped; and it is called an estoppel or conclusion, because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth.' ") (citation omitted).

[8] The majority's attempt to distinguish *Canton Lutheran* on the ground that it did not

plaintiff's injury, the majority sanctions the very result that the doctrine of equitable estoppel is intended to prevent. One who fraudulently conceals his or her negligence and thereby deters another from preventing or avoiding an injury in the first place is, if anything, more culpable than one who fraudulently conceals the cause of an injury after the injury occurs. Likewise, the rationale for equitable estoppel applies with equal if not greater force when both the delayed but preventable injury *and* the resultant late filing of an action are attributable to the defendant's alleged misconduct.

3. For the reasons set forth above, I would hold that the trial court and Court of Appeals erred in concluding that, based on the date of his personal injury, Rosenberg is automatically foreclosed from arguing that equitable estoppel bars Falling Water's reliance on the statute of repose. I would remand the case to the Court of Appeals to consider whether Rosenberg offered evidence sufficient to raise an issue of fact as to whether Falling Water should be equitably estopped because it fraudulently concealed its negligent conduct.

I am authorized to state that Presiding Justice Carley and Justice Benham join in this dissent.

DECIDED MARCH 18, 2011 —
RECONSIDERATION DENIED APRIL 12, 2011.

*Michael J. Warshauer, Lyle G. Warshauer*, for appellant.
*Carlock, Copeland & Stair, David F. Root, Cheryl H. Shaw*, for appellee.

---

involve an improvement to real property statute of repose is unavailing, as the operation of the statute at issue there was not distinguishable from OCGA § 9-3-51 in any meaningful way. *Canton Lutheran* is different from this case in that it involved a claim for damage to real property, which arguably accrued as soon as the education building addition to the church was completed even though the obviously more substantial damages accrued when cracks in the structure occurred almost 14 years later. 507 FSupp at 874-875; see also Mark W. Peacock, An Equitable Approach to Products Liability Statutes of Repose, 14 N. Ill. U. L. Rev. 223, 236, n. 63 (1993) (citing *Canton Lutheran* as an example of a case acknowledging that equitable principles apply when injury has occurred within the repose period). As discussed at length in this dissent, I do not believe such a distinction is controlling here.