# FOURTH DIVISION
## DOYLE, P. J.,
## ANDREWS and BOGGS, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**June 8, 2012**

# In the Court of Appeals of Georgia

A12A0553. FELDMAN v. ARCADIS US, INC. et al.                DO-025

DOYLE, Presiding Judge.

This appeal arises from an action filed by Myrna Feldman against Arcadis G&M, Inc., Geraghty & Miller, Inc., and Piedmont, Olsen, Hensley, Inc., (collectively "Arcadis") for negligent planning and design of a section of roadway upon which Feldman was later injured by a drunk driver. The trial court granted summary judgment to Arcadis after determining that the eight-year statute of repose codified in OCGA § 9-3-51 applied to the claims at issue and barred Feldman's recovery as a matter of law. For the reasons that follow, we affirm.

On appeal, Feldman contends that the trial court erred by finding that the statutory language of OCGA § 9-3-51 applied to the design plan for the stretch of

roadway upon which she was injured because the roadway is not "an improvement to real property," to which the statute of repose applies.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the undisputed facts establish that Piedmont, Olsen, Hensley, Inc., a predecessor to the current-day Arcadis US, Inc. (f/k/a Arcadis G&M, Inc.), provided Gwinnett County, Georgia, with engineering and design work on the Lawrenceville-Suwanee Road Extension ("the Extension") in or around 1997. Construction of the Extension was completed in 1999,[2] and Feldman was later injured by an out-of-control drunk driver in January 2009. Feldman alleged that the negligence of Arcadis in designing the particular stretch of the Extension resulted in her injuries.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] It is undisputed that Arcadis did not assist in any construction of the Extension.

Upon motion for summary judgment filed by Arcadis, the trial court determined that based on the language of the statute, the test set forth in *Mullis v. Southern Co. Svcs.*,[3] and persuasive case law, the Extension constituted "an improvement to real property" such that the eight-year statute of repose in OCGA § 9-3-51 applied to bar Feldman's recovery from Arcadis.[4]

OCGA § 9-3-51 (a) states that

[n]o action to recover damages: (1) For any deficiency in the survey or plat, planning, design, specifications, supervision or observation of construction, or construction of an improvement to real property; (2) For injury to property, real or personal, arising out of any such deficiency; or (3) For injury to the person or for wrongful death arising out of any such deficiency shall be brought against any person performing or furnishing the survey or plat, design, planning, supervision or observation of construction, or construction of such an improvement more than eight years after substantial completion of such an improvement.

---

[3] 250 Ga. 90 (296 SE2d 579) (1982).

[4] See *Dept. of Transp. v. Smith*, 210 Ga. App. 741 (437 SE2d 811) (1993) (without specifically addressing the application of OCGA § 9-3-51, holding that a question of fact existed as to whether suit was brought within eight years of last road maintenance project). See also *Kordares v. Gwinnett County*, 220 Ga. App. 848, n. 1 (470 SE2d 479) (1996) (stating in dicta that any claim for negligent design or construction would have been barred by the eight-year statute of repose codified in OCGA § 9-3-51).

Although OCGA § 9-3-51 "is in derogation of the common law and must therefore be strictly construed . . . , we must give the statute its plain meaning, and in doing so, we turn to a commonsense interpretation of the words 'improvements to real property' which has been adopted by many courts."[5] This Court applies the following factors when analyzing what constitutes an "improvement to real property":

> (1) [whether] the improvement [is] permanent in nature; (2) [whether] it add[s] to the value of the realty[] for the purposes for which it was intended to be used; [and] (3) [whether] the contracting parties [intended] that the improvement in question be an improvement to real property[,] or [whether] they intend[ed] for it to remain personalty.[6]

Here, the trial court correctly determined that OCGA § 9-3-51 applied to Feldman's negligent design claims. The road is permanent in nature and added value to the property by allowing the public to efficiently traverse the county.[7] Although as Feldman argues, this Court has held that certain public utility infrastructure does not

---

[5] (Citations and punctuation omitted.) *Mullis*, 250 Ga. at 93 (4).

[6] (Punctuation omitted.) Id. at 94 (4).

[7] See, e.g., id. (component system within electrical system complex was an improvement to real property). See also *Beall v. Inclinator Co. of America, Inc.*, 182 Ga. App. 664, 664-665 (356 SE2d 899) (1987) (elevator installed in plaintiff's home was an improvement to real property to which the statute of repose applied).

4

constitute an improvement to real property to which the statute applies, those utilities are categorically different than the nature of a public thoroughfare.[8] The statute of repose serves to limit the time for the discovery of a design or construction flaw to a reasonable number of years because such flaws would be discovered through the normal use of an improvement if it is indeed an improvement to real property rather than a fixture to the property.[9] A roadway is just such an improvement. Although it is true that no one actually lives on the road in order to "occupy" it as Feldman argues, countless vehicles traverse the road each day, and such daily public

---

[8] Compare *Atlanta Gas Light Co. v. City of Atlanta*, 160 Ga. App. 396, 398 (1) (b) (287 SE2d 229) (1981) (underground gas line installed, owned, and maintained by a utility company did not constitute an improvement to real property owned by the plaintiff); *Turner v. Marable-Pirkle, Inc.*, 238 Ga. 517, 518 (233 SE2d 773) (1977) (electric transmission equipment is not an improvement to real property).

[9] See *Rosenberg v. Falling Water, Inc.*, 289 Ga. 57, 61 (709 SE2d 227) (2011) ("It is the legislature's intent, in enacting statutes of ultimate repose, to establish a reasonable outside time limit beyond which architects, engineers, and contractors are insulated from suit based upon their work in constructing improvements to real estate. Without such protection, such persons would be exposed to liability for many years after losing control over the improvements and their use and maintenance.") (citation and punctuation omitted).

"occupation" in this manner would lead to the discovery of any such flaw within the same reasonable time frame as a design flaw in a building.[10]

Accordingly, the trial court correctly granted Arcadis's motion for summary judgment.

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[10] See Id. at 60-61(outdoor deck was an improvement to real property); *Hanna v. McWilliams*, 213 Ga. App. 648, 652 (3) (446 SE2d 741) (1994) (fireplace).